## W. M. REEVES v. ETHEL REEVES.

### (Filed 4 January, 1933.)

**Divorce A d—Action for divorce for separation can be maintained only by injured party where it is not alleged there are no children.**

An action for divorce on the ground of five years separation can be maintained only by the injured party under the provisions of N. C. Code of 1931, 1659(4), while under N. C. Code, 1659(a) it may be maintained by either party but it is required that there be allegation and proof that "no children have been born to the marriage," and where the complaint for divorce on the ground of five years separation does not contain the allegation required by section 1659(a), it is founded upon 1659(4) and where all the evidence is to the effect that the defendant is the injured party the action is properly dismissed as of nonsuit.

APPEAL by plaintiff from *Clement, J.,* at October Term, 1932, of BUNCOMBE. Affirmed.

This is an action for divorce from the bonds of matrimony, which at the conclusion of all the evidence was dismissed as in case of nonsuit.

*W. A. Sullivan, R. R. Williams and Hal W. Blackstock for plaintiff. No counsel contra.*

ADAMS, J. In his complaint the plaintiff alleges that he is a resident of Buncombe County and had been for more than five years next preceding the beginning of his action; that the defendant is a resident of Madison County; that they were married on 28 November, 1926; that they have never since lived together as man and wife; that they lived separate and apart from each other for more than five years next preceding the beginning of the action; and that the separation was due to no fault on the part of the plaintiff. The defendant in her answer denies that the plaintiff is a resident of Buncombe County, and alleges that immediately after the marriage the plaintiff abandoned her without just cause, has never provided for her support, and for several years has contributed nothing for the support of their child.

The trial court was of opinion that the plaintiff is not entitled to the relief demanded. In the judgment no specific reason is given for dismissing the action but it may probably be found in the court's conclusion that the plaintiff is not the injured party. The appellant says, however, that his action is based upon the Public Laws of 1931, chap. 72, North Carolina Code of 1931, sec. 1659(a), and that it may be maintained by "either party,"—not merely by the "party injured." It

is therefore necessary to compare sections 1659(4) and 1659(a), and to consider them in connection with the allegations in the complaint.

Section 1659(4) provides that the bonds of matrimony may be dissolved on application of the party injured if there has been a voluntary separation of husband and wife, or an involuntary separation in consequence of a criminal act committed by the defendant prior to the proceedings for divorce, and they have lived separate and apart for five successive years, and the plaintiff in the suit for divorce has resided in this State for that period.

In *Cooke v. Cooke,* 164 N. C., 272, the Court in construing the statute as it then stood remarked that there was nothing in the law to indicate that the right conferred was dependent on the blame which might attach to the one party or the other; but in the later case of *Sanderson v. Sanderson,* 178 N. C., 339, the decision in the earlier one was explained in these words: "An examination of the opinions in the *Cooke case* demonstrates that it does not question the correctness of the principle that one who is in the wrong cannot procure a divorce under a statute which gives the right of action to the injured party alone, and that the decision rests upon the ground that the cause for divorce on account of separation for ten years (now five), as it then stood, was provided for in a separate statute, which did not have in it the condition, on application of the 'injured party.' " It was held that under section 1659(4) an action can be maintained only by the party injured. To the same effect is the decision in *Lee v. Lee,* 182 N. C., 61.

It will be observed, then, that the elements of an action under this section are a voluntary separation of husband and wife, or an involuntary separation in consequence of crime previously committed by the defendant, living separate and apart from each other for five successive years, and the residence of the plaintiff in this State for that period—the words, "and no children be born of the marriage and living," having been taken out of the original statute. Public Laws, 1917, chap. 57.

Other provisions are embraced in section 1659(a) : "Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, on application of either party, if and when there has been a separation of husband and wife, either under deed of separation or otherwise, and they have lived separate and apart for five years, and no children have been born to the marriage, and the plaintiff in the suit for divorce has resided in the State for that period. This section shall be in addition to other acts and not construed as repealing other laws on the subject of divorce."

The two statutes have substantially the same provisions with respect to the period of separation and of the plaintiff's residence in the State;

on other points they materially differ. If brought under section 1659(4) the action can be maintained only by the party injured; if under section 1659(a), it can be maintained by either party. Since the adoption of the amendment which we have cited, section 1659(4) has made no reference to children born of the marriage, but requisite to an action under section 1659(a) are both allegation and proof that "no children have been born to the marriage." The complaint does not contain this allegation. The omission is impressive because the answer puts the matter at issue. So, it is manifest that the complaint is founded upon the provisions of section 1659(4), and as an action can be maintained under this section only by the party injured and all the evidence is to the effect that the defendant is the injured party, we must affirm the judgment dismissing the action.

Affirmed.