BEVERLY VAUGHN SWYGERT v. JOHN DAVIS SWYGERT, JR.

No. 793DC349

(Filed 15 April 1980)

1. **Rules of Civil Procedure § 41.1— action for divorce from bed and board and alimony—counterclaim for divorce—voluntary dismissal not permitted**

   Because defendant-husband's counterclaim for divorce was based on the allegation that the parties had lived separate and apart since 29 April 1977, the same transaction alleged in plaintiff's complaint for divorce from bed and board and alimony, plaintiff was thereafter bound to remain in court upon her allegations and could not take a voluntary dismissal of her suit prior to a hearing on the merits; furthermore, the trial court properly concluded as a matter of law that plaintiff, by filing a notice of dismissal without defendant's consent and by refusing to offer evidence in the cause, had abandoned her claim.

2. **Divorce and Alimony § 13.5— separation for statutory period—sufficiency of evidence—proof of abandonment not required**

   Where defendant alleged that the parties had lived continuously separate and apart for over a year, and he alleged constructive abandonment by his wife who refused to accompany him from Maryland to his new home in N. C., defendant's allegations were sufficient to state a cause of action under both G.S. 50-5 and G.S. 50-6; and where defendant offered proof of a year's separation with intention that the separation be permanent he was entitled to a decree of absolute divorce even in the absence of proof of abandonment. ·

3. **Divorce and Alimony § 2.1— verification of pleadings**

   There was no merit to plaintiff's contention that a decree of divorce was improperly granted because of defective verification of defendant's pleadings, since the counterclaim in which the divorce was prayed for was verified, although the original pleadings were not.

4. **Appeal and Error § 28.2— sufficiency of evidence to support findings—no exceptions to findings—no appellate review**

   The question of the sufficiency of the evidence to support the factual findings of the trial court was not before the court on appeal where plaintiff made no exceptions to any findings.

5. **Rules of Civil Procedure § 60.4— relief from judgment—motion properly made in Court of Appeals**

   Since plaintiff's motion for relief pursuant to G.S. 1A-1, Rule 60(b) was filed while the case was pending on appeal in the Court of Appeals, the motion was properly filed in the Court of Appeals, but since the determination of plaintiff's motion will require the resolution of controverted questions of fact which the trial court is in a better position to pass upon, the case is remanded to district court for hearing and determination of all issues raised by plaintiff's motion for relief.

APPEAL by plaintiff from *Wheeler, Judge.* Judgment entered 6 December 1978 in District Court, CARTERET County. Heard in the Court of Appeals 22 October 1979.

Plaintiff-wife, a resident of Maryland, filed this action in the District Court in Carteret County on 30 January 1978 to obtain a divorce from bed and board and alimony. In her verified complaint she alleged that defendant-husband was a citizen and resident of Carteret County and had been such for more than six months next preceding the institution of this action; that the parties were married on 1 February 1938; that defendant abandoned her on 29 April 1977 by leaving their residence in Maryland and moving to North Carolina, and that she was the dependent and he the supporting spouse. Defendant filed an unverified answer in which he denied he had abandoned his wife. In a "Second Defense" in his answer, he alleged that prior to his retirement from the postal service in 1969 he and his wife had lived in Maryland; that after his retirement he found it difficult to continue to live there due to the high cost of living in the environs of Washington; that he bought property and built a house in North Carolina, planning to move there with his wife; that she refused to move from Maryland and accompany him to his new home in North Carolina despite his requests that she do so; and that by refusing to accompany him, she had abandoned him. He further pled the pendency of an action for alimony brought by his wife in Maryland.

On 20 July 1978 defendant obtained leave of court to file an amendment to his answer to include a counterclaim for absolute divorce. In his amended pleading, which he verified, he alleged that after their marriage on 1 February 1938, the parties had lived together as husband and wife until 29 April 1977, "when the parties separated each from the other as alleged in the Second Defense of the answer heretofore filed." Defendant further alleged that since 29 April 1977 the parties had lived separate and apart continuously, at no time resuming the marital relations that had previously existed between them, and he prayed for a judgment of absolute divorce.

The action, consisting of plaintiff's original claim for divorce from bed and board and alimony, and defendant's counterclaim for absolute divorce, was calendared for trial in the District Court on

6 December 1978. Upon call of the case, the counsel then representing the plaintiff filed on her behalf a notice of voluntary dismissal pursuant to Rule 41(a) of the Rules of Civil Procedure, to which the defendant did not consent.

The court then proceeded to hear defendant's evidence on his counterclaim for absolute divorce. Plaintiff offered no evidence. In a judgment entered that date, the court found facts, in part, as follows:

> (a) That the defendant has been a resident of the State of North Carolina since 29 April 1977 or more than six (6) months prior to the institution of this action.

> (b) That the plaintiff and defendant were intermarried on or about February 1, 1938, and thereafter lived together as husband and wife until 29 April 1977.

> (c) That prior to April 1977 and in July of 1976, the defendant established a home in Carteret County, North Carolina, and requested that the plaintiff accompany him, which she refused; and that, again in December 1976, he requested that she accompany him to said home and she refused.

> (d) That he returned to the plaintiff's home in April of 1977 and again requested her to move with him to Carteret County, North Carolina, and again she refused and on this occasion he separated himself from his wife with the intention that the separation would be permanent.

> (e) That since 29 April 1977 the plaintiff and defendant have lived separate and apart continuously and at no time have resumed the marital relationship that previously existed between them.

Based on its findings of fact, the court concluded that plaintiff, by filing a notice of dismissal without defendant's consent and by refusing to offer evidence, had effected an abandonment of her claim. Upon defendant-husband's counterclaim, the court drew the following conclusions of law:

> 4. That the defendant, by offering evidence that he has been a bona fide resident of the State of North Carolina for more than six (6) months prior to the institution of the action,

subjects the defendant and the marriage of the parties to the jurisdiction of this Court.

5. That a ground for divorce absolute is created by the separation of the parties for one year with the intention on the part of one of the parties that the separation be permanent; or

6. A ground for divorce is created by the separation of the parties when one party abandons the other and a period of one year follows said act of abandonment.

Judgment was entered (1) dismissing the cause of action as alleged by the plaintiff, and (2) granting defendant-husband an absolute divorce. Plaintiff-wife appeals from this judgment.

*John V. Hunter III for plaintiff appellant.*

*Wheatly, Wheatly & Davis by C. R. Wheatly, Jr., for defendant appellee.*


PARKER, Judge.

[1]   Plaintiff first assigns error to the court's dismissal with prejudice of her claims for alimony. She contends that the court erred in refusing to allow her to dismiss her suit voluntarily prior to the hearing on the merits. We find no error. G.S. 1A-1, Rule 41(a)(1) provides that a plaintiff may dismiss his action voluntarily without order of court "by filing a notice of dismissal at any time before the plaintiff rests his case." Under the practice prior to the adoption of Rule 41(a)(1), the plaintiff had the right to take a voluntary nonsuit at any time before the verdict was rendered. However, as the former practice was explained by McIntosh in North Carolina Practice and Procedure, § 1645, pp. 124-125 (1956):

> While the plaintiff may generally elect to enter a nonsuit 'to pay the costs and walk out of court,' in any case in which only his cause of action is to be determined, although it might be an advantage to the defendant to have the action proceed and have the controversy finally settled, he is not allowed to do so when the defendant has set up some ground for affirmative relief or some right or advantage of the defendant has supervened, which he has the right to have settled and concluded in the action. *If the defendant sets up a*

*counterclaim arising out of the same transaction alleged in the plaintiff's complaint, the plaintiff cannot take a nonsuit without the consent of the defendant; but if it is an independent counterclaim, the plaintiff may elect to be nonsuited and allow the defendant to proceed with his claim.* (emphasis added)

In *McCarley v. McCarley*, 289 N.C. 109, 221 S.E. 2d 490 (1976), our Supreme Court held that Rule 41(a)(1) did not alter former practice in this respect. Thus, where a counterclaim is filed which arises out of the same transaction alleged in the complaint, "plaintiff thereby loses the right to withdraw allegations upon which defendant's claim is based without defendant's consent." *McCarley v. McCarley, supra,* 289 N.C. at 113, 221 S.E. 2d at 493; *accord, Layell v. Baker,* 46 N.C. App. 1, 264 S.E. 2d 406 (1980).

In the present case plaintiff's claim for alimony was based on an allegation that on 29 April 1977 defendant-husband abandoned her by leaving their residence in Maryland and moving to North Carolina. Plaintiff-wife contends that the rule as to voluntary dismissal should not apply in this case because defendant-husband's cause of action for a divorce based on the separation of the parties did not accrue until 29 April 1978, several months after defendant-husband filed his original answer. This contention is without merit. At the time plaintiff-wife attempted to take a voluntary dismissal on 6 December 1978, defendant-husband's cause of action had accrued and, by leave of court, he had pled his claim for relief. Once defendant-husband did so, the issue of whether his cause of action had accrued at the time the original answer was filed was irrelevant to her statutory right to dismiss her case, the only question being whether his cause of action arose out of the same transaction or occurrence alleged in plaintiff-wife's complaint. Because defendant-husband's claim for divorce was based on the allegation that the parties had lived separate and apart since 29 April 1977, the same transaction alleged in plaintiff's complaint, plaintiff-wife was thereafter bound to remain in court upon her allegations and could not dismiss her action *ex parte.*

Neither did the court err in concluding as a matter of law that plaintiff-wife, by filing a notice of dismissal without defend-

ant's consent and by refusing to offer evidence in the cause, had abandoned her claim. G.S. 1A-1, Rule 41(b) provides that a defendant may move for dismissal of any claim against him for failure of the plaintiff to prosecute. Although it is not apparent from the record in this case that defendant-husband ever moved for an involuntary dismissal of plaintiff-wife's claims on this ground, Federal Rule of Civil Procedure 41(b), which is substantially the same as our own rule, has been held not to abrogate the inherent power of the court to dismiss a case for want of prosecution, as where plaintiff refuses to proceed at trial. *See generally* Wright and Miller, Federal Practice and Procedure, § 2370, pp. 199-203 and cases cited therein. Here, plaintiff-wife was represented by counsel at the trial (although it should be noted not the same counsel who represents her on this appeal), and she cannot now justly complain that her action should not have been dismissed with prejudice when she refused to offer evidence.

[2] Plaintiff-wife next assigns error to the court's granting defendant an absolute divorce. She contends that this was error because the divorce was granted on a ground that defendant-husband had not pled and because defendant-husband's pleadings were improperly verified. In his amended answer defendant-husband alleged that he had been a citizen and resident of North Carolina for six months prior to the filing of his counterclaim; that the parties were married on or about 1 February 1938 and thereafter lived together as husband and wife until 29 April 1977 when they separated "as alleged in the Second Defense of the answer heretofore filed;" and that the parties had lived continuously separate and apart since that date. The "Second Defense" referred to in defendant-husband's amended answer was that of constructive abandonment based on plaintiff-wife's refusal to accompany him from Maryland to his new home in North Carolina. In the judgment granting defendant-husband an absolute divorce, the court made the following conclusions of law:

> 5. . . . . [A] ground for divorce absolute is created by the separation of the parties for one year with the intention on the part of one of the parties that the separation be permanent; or

> 6. A ground for divorce is created by the separation of the parties when one party abandons the other and a period of one year follows said act of abandonment.

Plaintiff-wife relies upon the reference in defendant's counterclaim to the allegations of abandonment contained in his original answer, as well as upon these conclusions of law, in support for her argument that defendant-husband was granted a divorce upon a ground not pled.

Both G.S. 50-5 and G.S. 50-6 provide that a divorce may be granted on the grounds of a voluntary separation of the parties for the period of one year. However, G.S. 50-5 unlike G.S. 50-6, requires a party seeking a divorce under that section to allege and prove that he is the injured party. *Reeves v. Reeves,* 203 N.C. 792, 167 S.E. 129 (1933). Applying the principle of notice pleading enunciated by our Supreme Court in *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970), we conclude that defendant-husband's allegations were sufficiently particular to state a cause of action under both G.S. 50-5 and G.S. 50-6.

In order to prove his claim under G.S. 50-6, defendant-husband was only required to prove that he and plaintiff-wife had lived separate and apart for at least an uninterrupted one-year period, and that there was an intention on the part of either one of them to cease matrimonial cohabitation. *Beck v. Beck,* 14 N.C. App. 163, 187 S.E. 2d 355 (1972). Plaintiff-wife relies upon *Taylor v. Taylor,* 225 N.C. 80, 33 S.E. 2d 492 (1945) to support her contention that defendant-husband, having alleged abandonment, was required to prove it to obtain his divorce. In that case, the Court stated:

> Of course, the plaintiff may particularize as to the character of the separation by alleging that it was by mutual consent, abandonment, etc, in which event, *if material to the cause of action,* the burden would rest with the plaintiff to prove the case *secundum allegata.* (emphasis added).

225 N.C. at 82, 33 S.E. 2d at 494.

The language of the *Taylor* case does not require the party seeking a divorce to prove every fact alleged, only that he prove the facts necessary to his cause of action. As stated in 1 Lee, North Carolina Family Law § 51, p. 213 (1963): "[W]here the grounds are listed in the statutes for the same kind of divorce, the several grounds may be joined in one complaint, and the decree may be granted on any one of the grounds proved." Having offered proof

of separation for a year's period with intention that the separation be permanent, defendant-husband was entitled to a decree of absolute divorce. We note that the court in its Conclusions of Law Nos. 5 and 6 referred to the grounds for divorce both under G.S. 50-5 and G.S. 50-6. In light of our holding that defendant-husband properly proved his claim under G.S. 50-6, the Court's Conclusion of Law No. 6, which is relevant to the grounds for divorce set forth in G.S. 50-5, is mere surplusage and is not necessary to support the judgment.

[3] Neither was the decree of divorce improperly granted because of defective verification of defendant-husband's pleadings. The counterclaim in which the divorce was prayed for was verified, although the original pleadings were not. Defendant-husband did incorporate by reference a portion of his unverified answer relating to abandonment; however, none of the allegations referred to were necessary to his cause of action under G.S. 50-6. Even if they had been necessary, defendant-husband stated in his amended answer, which was properly verified, that he was "ratifying his answer as heretofore filed in this cause."

[4] Plaintiff's final assignments of error are directed to the insufficiency of the evidence to support the trial court's findings of fact concerning her refusal to accompany her husband to North Carolina. She concedes that no exceptions to any findings have been set out in the record as required by App. R. 10(a). She contends, however, that the rule does not absolutely preclude appellate review under the circumstances, relying upon *Whitaker v. Earnhardt*, 289 N.C. 260, 221 S.E. 2d 316 (1976). In that case the Supreme Court did permit the appellant to raise the question of the sufficiency of the evidence to support the findings of fact, even though exceptions had not been taken thereto in the record. However, at the time the notice of appeal was given in that case, the new Rules of Appellate Procedure had not yet become effective, and the opinion of the Supreme Court, upon appeal from this Court, did not consider the applicability of App. R. 10(a). That rule, which clearly does govern in the present case, provides in part that "the scope of review on appeal is confined to a consideration of those exceptions set out and made the basis of assignments in the record," with the exception that an appeal from a final judgment permits a party to raise the question whether the judgment is supported by the findings of fact and

conclusions of law. Thus, no appropriate exception having been taken, the question of the sufficiency of the evidence to support the factual findings of the trial court is not before this Court for review.

Because the findings of fact support the court's conclusions of law with respect to defendant-husband's counterclaim for absolute divorce and with respect to the dismissal of plaintiff-wife's action, the judgment appealed from is affirmed, subject, however, to such ruling as may hereafter be made by the trial court on remand of this case for hearing of the motion hereinafter described filed by the plaintiff for relief from said judgment under Rule 60 of the Rules of Civil Procedure.

On 7 September 1979, while this appeal was pending in this Court, plaintiff filed in this Court a motion pursuant to North Carolina Rule of Civil Procedure 60(b)(1), (3) and (6) for relief from the judgment appealed from on the grounds that the same was entered against her through mistake, inadvertance, surprise and excusable neglect, without any reasonable opportunity on her part to defend against defendant's claim or to prove her own claim, and on the further ground that the judgment was obtained by fraudulent testimony of the defendant. She supported her motion by her own affidavit, by the affidavit of the attorney who represented her in an action brought by her in the State of Maryland in which she sought to obtain alimony from her husband, and by the affidavit of a daughter of the parties who is an attorney engaged in the private practice of law in Washington, D.C. Defendant filed answer opposing the relief sought in the motion.

[5] Since at the time plaintiff's Rule 60(b) motion was filed the case was pending on appeal in this Court, the motion was properly filed in this Court. *Wiggins v. Bunch,* 280 N.C. 106, 184 S.E. 2d 879 (1971); *Rhodes v. Henderson,* 14 N.C. App. 404, 188 S.E. 2d 565 (1972). Since, however, the determination of plaintiff's motion will require the resolution of controverted questions of fact which the trial court is in a far better position to pass upon than is this Court, *see Bell v. Martin,* 43 N.C. App. 134, 258 S.E. 2d 403 (1979), reversed on other grounds, 299 N.C. 715, 264 S.E. 2d 101 (1980), we now remand this case to the District Court in Carteret County for the purpose of hearing and passing upon all questions and is-

sues raised by plaintiff's motion filed in this Court for relief from the judgment under Rule 60(b). The Clerk of this Court is directed to prepare copies of said motion and of defendant's answer thereto, and copies of all affidavits filed in this Court in support of and in opposition to the motion, and certify the same to the Clerk of the District Court. Upon remand, the District Court shall hear and determine the motion upon said affidavits and upon such additional evidence as shall be presented to and received by the Court. For the purposes indicated, this case is

Remanded to the District Court in Carteret County.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.