RUBEN L. YORK v. MICHAEL TAYLOR AND WIFE, GLORIA TAYLOR

No. 8521DC828

(Filed 4 March 1986)

1. **Appeal and Error § 16; Rules of Civil Procedure § 52— motion to amend findings of fact—jurisdiction after notice of appeal**

   The trial court is not divested of jurisdiction to hear and rule on an N.C.G.S. 1A-1, Rule 52(b) motion for amended and additional findings of fact even though notice of appeal has been given.

2. **Appeal and Error § 16; Rules of Civil Procedure § 60— relief from judgment— motion filed with notice of appeal—jurisdiction of trial court**

   The trial court had jurisdiction to rule on a motion for relief from judgment pursuant to N.C.G.S. 1A-1, Rule 60(b) filed contemporaneously with a notice of appeal.

3. **Rules of Civil Procedure § 60.4— motion for relief from judgment—failure to find essential facts**

   The trial court erred in denying plaintiff's motion for relief from judgment against him on defendant's counterclaim where the trial court made no findings of fact resolving the critical issues as to whether plaintiff was entitled to relief from judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect" and whether plaintiff had a meritorious defense to defendants' counterclaim.

APPEAL by plaintiff from *Harrill, Judge.* Judgment entered 10 October 1984 in District Court, FORSYTH County. Heard in the Court of Appeals 3 February 1986.

This is a civil action wherein plaintiff seeks to recover from defendants $3,500.00 allegedly due on the selling price of a motor home allegedly sold by plaintiff to defendants. Plaintiff's complaint was filed on 30 December 1983. On 30 March 1984, defendants filed an amended answer admitting that they agreed to purchase the motor home from plaintiff if it was in good condition but denying that they owed further payment to plaintiff because the vehicle had been damaged extensively by fire. Defendants also alleged a counterclaim seeking damages for unfair and deceptive trade practices. The amended answer and counterclaim was served on plaintiff on 30 March 1984. On 20 August 1984, the clerk entered default against plaintiff, on the grounds that plaintiff had failed to file a reply to the counterclaim. On 29 August 1984, plaintiff made a motion to amend his pleadings to file a reply to defendants' counterclaim. On 10 September 1984, plaintiff made a motion to set aside the entry of default. On 10 October 1984, the trial judge denied both motions and entered default judgment in favor of defendants against plaintiff in the amount of $17,137.02, which was treble the defendants' provable damages, and punitive damages of $10,000.00. On 19 October 1984, plaintiff gave notice of appeal and filed a motion pursuant to G.S. 1A-1, Rule 52(b) for amended and additional findings of fact. Plaintiff also filed a motion pursuant to G.S. 1A-1, Rule 60(b) for relief from judgment. On 23 April 1985, the trial judge denied plaintiff's motions for amended and additional findings of fact and for relief from judgment. From this order, plaintiff appealed.

*Harrell Powell, Jr., and Garry Whitaker for plaintiff, appellant.*

*James H. Early, Jr., for defendants, appellees.*

HEDRICK, Chief Judge.

[1, 2] The notice of appeal from the default judgment for defendants with respect to plaintiff's claim and defendants' counterclaim against plaintiff was filed at the same time as plaintiff's Rule 52(b) motion for amended and additional findings of fact and Rule 60(b) motion for relief from judgment. The trial court is not divested of

jurisdiction to hear and rule on a Rule 52(b) motion even though notice of appeal has been given. *Parrish v. Cole*, 38 N.C. App. 691, 248 S.E. 2d 878 (1978). The trial court does not have jurisdiction, however, to rule on motions pursuant 'to Rule 60(b) where such motion is made after the notice of appeal has been given. *Wiggins v. Bunch*, 280 N.C. 106, 184 S.E. 2d 879 (1971), *reh. denied*, 281 N.C. 317 (1972). From our research, we have discovered no cases with respect to whether the trial court has jurisdiction to rule on Rule 60(b) motions that are filed contemporaneously with the notice of appeal. We do have, however, precedent holding that the appellate court is the proper place to file Rule 60(b) motions while the case is pending appeal. *Swygert v. Swygert*, 46 N.C. App. 173, 264 S.E. 2d 902 (1980). Moreover, in *Swygert* this Court remanded a Rule 60(b) motion filed in this Court pending appeal to the trial court for a hearing and determination on the questions and issues raised by the motion. It would be incongruous for us to say that the trial court had jurisdiction to rule on a Rule 52(b) motion but was divested of jurisdiction to hear a Rule 60(b) motion filed at the same time. This is especially true since we have the authority to remand the Rule 60(b) motion to the trial court for a hearing and determination pending appeal. *Id.* Therefore, under the circumstances of this case, we hold that the trial court had jurisdiction to rule on plaintiff's Rule 60(b) motion.

[3] We therefore address the question of the correctness of the trial court's ruling denying plaintiff's Rule 60(b) motion. It is the duty of the trial court in ruling on a Rule 60(b) motion to make findings of fact and to determine from such facts whether the movant is entitled to relief from such judgment or order. *Hoglen v. James*, 38 N.C. App. 728, 248 S.E. 2d 901 (1978). Although the record indicates that a hearing was conducted, at which plaintiff's counsel was not present, the trial court made no findings of fact resolving the critical issues as to whether plaintiff was entitled to relief from judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect" and whether plaintiff had a meritorious defense to defendants' counterclaim.

We therefore vacate the order denying plaintiff's motion and remand the case to the district court for a new hearing and ruling on all issues raised by the 60(b) motion.

There are, pending in this Court, rulings on defendants' motion to dismiss plaintiff's appeal, plaintiff's petition for writ of certiorari and other questions relating to plaintiff's appeal which are not yet resolved, and if these questions are not rendered moot by the trial court's ruling on plaintiff's 60(b) motion, *see, Beard v. Pembaur*, 68 N.C. App. 52, 313 S.E. 2d 853, *cert. denied,* 311 N.C. 750, 321 S.E. 2d 126 (1984), we will, on motion of plaintiff, reinstate these unresolved questions in our calendar for disposition. The order denying plaintiff's Rule 60(b) motion is vacated and the case is remanded for further proceedings.

Order vacated and remanded.

Judges WEBB and PARKER concur.