OZIE L. HALL, Plaintiff v. STEVEN I. COHEN (d/b/a: HOMESTEAD MOBILE HOME PARK), Defendant

No. COA05-1048

(Filed 2 May 2006)

**Appeal and Error— Rule 60 motion while appeal pending— remanded for evidentiary hearing and indication of ruling**

An appeal was dismissed and the case was remanded to the trial court for entry of a final order on defendant's Rule 60(b)(3) motion where defendant had filed an appeal to the Court of Appeals, then a Rule 60(b)(3) in the trial court; the Court of Appeals remanded for an evidentiary hearing and an indication of how the trial court would rule; and the trial court then held the hearing, made findings, and indicated an inclination to rule in favor of defendant. This practice allows the appellate court to delay consideration of the appeal until a final judgment is rendered.

Appeal by Steven I. Cohen, d/b/a Homestead Mobile Home Park, from a judgment entered 7 April 2004 by Judge W. Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 10 April 2006.

*Ozie L. Hall, pro se, plaintiff-appellee.*

*Mills & Economos, LLP, by Larry C. Economos, for defendant-appellant.*

BRYANT, Judge.

Steven I. Cohen, d/b/a Homestead Mobile Home Park, (defendant) appeals from a judgment entered 7 April 2004 consistent with a jury verdict finding defendant liable on a claim of breach of contract and awarding Ozie L. Hall (plaintiff) $41,000.00 in damages and interest at eight percent (8%). For the reasons below we dismiss this appeal and remand this matter to the trial court.

## Facts and Procedural History

In November 1998, plaintiff and defendant entered into a contract stating that plaintiff would provide specified services in exchange for compensation. According to the contract, plaintiff was to be paid twenty percent (20%) of the actual net proceeds of the sale of Homestead Mobile Home Park. Plaintiff alleges the contract entitled him to a security interest in defendant's property in the amount of $80,000.00. Because defendant failed to provide the security interest, *inter alia*, plaintiff filed a complaint for breach of contract, specific performance, fraudulent misrepresentation, and deceptive trade practices.

This matter came to trial on 15 March 2004 at the civil session of Pitt County Superior Court, the Honorable W. Russell Duke, Jr., presiding. On 18 March 2004, the jury returned its verdict finding defendant liable for breach of contract. On 7 April 2004, the trial court entered its judgment consistent with the jury verdict, awarding plaintiff damages of $41,000.00 plus costs and interest. Defendant filed a Notice of Appeal of the trial court's judgment to this Court on 13 April 2004.

On 18 May 2004, defendant filed with the trial court a motion for relief from judgment pursuant to Rule 60(b)(3) of the North Carolina Rules of Civil Procedure. Defendant filed a motion with this Court on 22 September 2004 requesting this matter be remanded to the trial court for consideration of defendant's Rule 60(b) motion. This Court

**HALL v. COHEN**

[177 N.C. App. 456 (2006)]

entered an Order on 5 October 2004 remanding the matter for the trial court to conduct an evidentiary hearing on the pending Rule 60(b) motion and enter an indication of how it would hold if an appeal were not before this Court. The 5 October 2004 Order also required that the proposed record on appeal be served within thirty days of the trial court's report of its inclination to rule on the Rule 60(b) motion. An evidentiary hearing on the Rule 60(b) motion was held on 13 December 2004 and on 18 February 2005 the trial court entered "Evidentiary Findings, Conclusions of Law, and Inclination to Rule" in favor of defendant; thereby noting an inclination to grant defendant's Rule 60(b) motion for relief.

---

As a general rule, an appellate court's jurisdiction trumps that of the trial court when one party files a notice of appeal unless the case has been remanded from the appellate court for further determination in the trial court. *Bell v. Martin*, 43 N.C. App. 134, 140, 258 S.E.2d 403, 407 (1979) (citing *Wiggins v. Bunch*, 280 N.C. 106, 184 S.E.2d 879 (1971)), *rev'd on other grounds*, 299 N.C. 715, 264 S.E.2d 101 (1980). The trial court retains limited jurisdiction to indicate how it is inclined to rule on a Rule 60(b) motion. *Bell*, 43 N.C. App. at 140-42, 258 S.E.2d at 408-09.

Upon the appellate court's notification of a Rule 60(b) motion filed with the trial court, this Court will remand the matter to the trial court so the trial court may hold an evidentiary hearing and indicate "how it [is] inclined to rule on the motion were the appeal not pending." *Id.* at 142, 258 S.E.2d at 409. This practice allows the appellate court to "delay consideration of the appeal until the trial court has considered the [Rule] 60(b) motion. [So that upon] an indication of favoring the motion, appellant would be in position to move the appellate court to remand to the trial court for judgment on the motion and the proceedings would thereafter continue until a final, appealable judgment is rendered." *Id.* Arguments pertaining to the grant or denial of the motion along with other assignments of error could then be considered by the appellate court simultaneously. *Id.* Where, as here, the trial court entered an inclination to rule in favor of defendant and grant his Rule 60(b) motion, we dismiss the instant appeal and remand this matter to the trial court for entry of a final order on defendant's Rule 60(b) motion.

Appeal dismissed and remanded.

Chief Judge MARTIN and Judge HUDSON concur.