725 S.E.2d 1 (2010)
TOWN OF LELAND, N.C., Plaintiff
v.
HWW, LLC and Westport Homeowners' Association, Inc., Defendants.
No. COA08-987-2.
Court of Appeals of North Carolina.
April 6, 2010.
Wessell & Raney, LLP, Wilmington, by John C. Wessell, III, for plaintiff-appellee.
Hogue Hill Jones Nash & Lynch, LLP, Wilmington, by David A. Nash, and Anna J. Averitt, for defendant-appellant HWW, LLC.
Marshall, Williams & Gorham, LLP, Wilmington, by Charles D. Meier, for defendant-appellee Westport Homeowners' Association.
CALABRIA, Judge.
HWW, LLC ("HWW" or "developer") appeals the trial court's grant of summary judgment in favor of the Town of Leland ("the Town" or "plaintiff"). We remand the case to the trial court.
HWW is the developer of the Westport subdivision in Leland, North Carolina. Defendant Westport Homeowners' Association, Inc. ("WHOA") is the current owner of the *2 real property which is the subject of this action.[1]
On 16 December 2004, HWW submitted a land use plan to the Town Council for approval of phase 2 of the Westport subdivision. Phase 2, section 1 of the site specific plan for the Westport subdivision was approved in January or February 2005. On 15 September 2005, the Town Council approved HWW's site specific plan for phase 2 section 2. The Westport subdivision plan provided for an area of open space described as a recreation area in phase 2, section 2 of the site specific plan. Specifically, the recreation area would include a parking lot, pool, softball field, and soccer field.
In June of 2006, the Town adopted a new zoning ordinance, section 30-313, which required:
(5) Ensured recreation/open space
a. In any PUD district, a minimum of five percent of the total land area shall be reserved as open space. Any area or segment of land less than eight feet in width may not be included in calculating the minimum open space reservation unless such land is clearly a part of an open space system, such as a pedestrian walkway.
b. A minimum of 25 percent of the required open space shall be developed for active recreational purposes, such as tennis courts, ballfields or playgrounds.... Such recreation area shall be conveniently and centrally located to the housing units. Building areas for recreational facilities may be computed as open space.
c. Provisions for continuous maintenance of open space, specifically including that developed for active recreational purposes, shall be made by the developer either through proposed dedication to the town, if acceptable, or through the establishment of a private homeowners' association.
In February 2007, residents of the Westport subdivision complained to the Mayor of Leland that HWW left a large mound of dirt and debris, approximately ten to fifteen feet in height, in a portion of the recreation area ("the knoll"). On 9 February 2007, Town Manager and Acting Code Enforcement Officer of the Town of Leland, Bill Farris ("Farris"), sent a memorandum, copied to the developer, stating "the condition and appearance of the knoll was less than desired." The memorandum indicated the developer had discussed the knoll with Farris and agreed to improve the area by installing a small foot bridge and grading the site to enable the residents to access the knoll more easily. In addition, the developer agreed to create a passive recreation area with landscaping and to install irrigation to help new plants survive. The memorandum also stated that "a registered land surveyor has made calculations that show the development's open space and recreation areas meet the Town's requirements without considering this area."
On 1 March 2007, Sandy Wood ("Wood"), president of Hearthside Builders & Developers, LLC and a member of HWW, LLC, sent a letter to Farris indicating defendant completed the requirements in plaintiff's 9 February 2007 memorandum except for seeding and planting trees due to inclement weather.
On 20 March 2007, Farris notified HWW that the condition of the knoll did not meet the site specific plan and was in violation of section 30-313 of the Town code.[2] This letter notified HWW that it
must begin removal of the existing mound of dirt on the recreational site adjacent to *3 Merestone Drive as described hereinabove and bring that area into compliance with the site specific plan approved by the Town of Leland. Action to remove this violation must begin within fourteen (14) days of the date of this letter and must be completed within seventy-four (74) days of the date of this letter.
On 25 April 2007, HWW's attorney, Bill Lynch, sent a letter to plaintiff's attorney contesting the Town's decision and its authority to require developers to construct additional facilities. Mr. Lynch's letter requested that the Town "please provide me with any official form for an appeal to the Board of Adjustment if this letter does not suffice."
On 4 May 2007, Bill Lynch sent another notice of appeal stating the Town had conceded that HWW's site specific plan met all requirements in September 2005. HWW's appeal to the Leland Board of Adjustment was scheduled for hearing on 25 June 2007 and later continued until 23 July 2007.
On 23 July 2007, HWW's counsel sent another letter to the Town. In this letter, HWW notified the Town that it was withdrawing its appeal. Additionally, HWW agreed to move the soil to make it match the natural grade of the area and allow construction of a ball field. The letter also stated "[r]emoval or relocation of earth for commencement of construction of the ball field cannot begin until an amended erosion control permit has been obtained." On the same day, plaintiff's attorney sent a letter to HWW's counsel acknowledging the developer's 23 July 2007 letter and stated, "[s]ince the developer has withdrawn its appeal from the decision of the Code Enforcement Officer, that decision now stands as the ruling in this matter." The letter also notified HWW of a thirty day deadline in order to comply with the Town's decision. If HWW did not comply by the deadline, then the Town planned to commence enforcement proceedings. In addition, the letter stated, "[t]he developer must still satisfy the Town that what it is proposing to do is consistent with the Town ordinances."
On 30 July 2007, HWW's counsel responded to plaintiff's 23 July 2007 letter, stating the developer had no other written plans for improving the condition of the knoll. On 13 August 2007, counsel for HWW sent a letter to plaintiff's counsel stating the developer submitted a plan to the Division of Water Quality regarding the removal of soil. After learning it would take 15 days for approval, the developer asked the Town to extend the thirty-day deadline to begin work. On 28 August 2007, the developer sent a letter to Farris stating the developer received approval for modification of an erosion control permit and would begin removing the dirt from the knoll in September.
On 1 November 2007, plaintiff filed the complaint in the present action, seeking a court order requiring the developer to remove the dirt from the knoll. Plaintiff alleged in its complaint that HWW made the following improvements to the site:
(a) Grading a portion of the previously existing mound of dirt to a level approximately the same as that of the parking lot and swimming pool;
(b) Constructing within the newly graded area a youth soccer field and youth softball field;
(c) Moving the dirt and debris from the graded area to another location within the same recreation area;
(d) Installing a fence around the newly constructed soccer field and softball field; and
(e) Placing additional fill and grassing certain portions of the remaining mound.
Plaintiff alleged the activities resulted in "no dirt or debris being removed from the site in question." On 3 January 2008, HWW filed an answer.
On 23 April 2008, plaintiff moved for summary judgment and filed an Affidavit of William Farris ("Farris Affidavit") in support of its motion. On 2 May 2008, HWW moved to amend its answer to plead laches and estoppel. The same day, plaintiff moved to amend the complaint to add Westport Homeowners' Association as a defendant. On 12 May 2008, HWW responded to plaintiff's motion for summary judgment and submitted the affidavits of Sandy Wood and Gregory Buzzerd. *4 On the same day, HWW moved to amend its answer to plead unclean hands. The trial court entered an order allowing plaintiff's amendment to the complaint to add WHOA as a party on 12 May 2008.
On 10 June 2008, the trial court granted the motion for summary judgment in plaintiff's favor and ordered HWW to bring the recreation and open space into compliance with the site specific plan by removing the dirt and debris from the knoll so it would be the same grade as the parking lot, basketball court, soccer field, and softball field. On 23 June 2008, HWW moved to stay the order pending appeal. On 3 July 2008, the parties consented to amend the answer to plead unclean hands. On 7 July 2008, the parties entered into a consent order staying mandatory injunctive relief pending appeal. On the same day, HWW moved for relief from judgment under Rule 60(b)(1) and (6). No hearing or ruling was held on the Rule 60(b) motion. On 9 July 2008, HWW appealed.
HWW argues that the trial court's order should be vacated because it is impossible to comply with the order. The trial court's order requires HWW:
to bring the recreation and open space area shown in the lower left hand corner of the site specific plan for Phase 2, Section 2, Westport Subdivision, approved by the Town Council for the Town of Leland on 15 September 2005, into compliance with said site specific plan by removing the mound of dirt and debris remains on this recreation and open space area so that the topographical grade and elevation of the area where the mound of dirt and debris is currently located shall be the same as the grade and elevation of the existing parking lot, basketball court, soccer field, and softball field[.]

(Emphasis added).
HWW contends the italicized portion of the decretal section of the order is impossible to comply with because the grade of the parking lot and basketball court is four to five feet below the soccer and softball fields and the mound of dirt is seven to eight feet higher than the soccer field and the softball field. Plaintiff argues because the basis of this contention was raised in HWW's Rule 60(b)(6) motion, which was never ruled on, there is no final judgment to appeal and the appellate court is "without authority to entertain the appeal." Because there has been no ruling on the Rule 60(b) motion, we remand the instant case to the trial court.
"The trial court does not have jurisdiction... to rule on motions pursuant to Rule 60(b) where such motion is made after the notice of appeal has been given." York v. Taylor, 79 N.C.App. 653, 655, 339 S.E.2d 830, 831 (1986). In such a situation, "[t]he trial court retains limited jurisdiction to indicate how it is inclined to rule on a Rule 60(b) motion." Hall v. Cohen, 177 N.C.App. 456, 458, 628 S.E.2d 469, 471 (2006). However, the trial court is not divested of jurisdiction to entertain and may fully rule upon a Rule 60(b) motion that is filed prior to or contemporaneously with the notice of appeal. York, 79 N.C.App. at 655, 339 S.E.2d at 831-32.
Upon the appellate court's notification of a Rule 60(b) motion filed with the trial court, this Court will remand the matter to the trial court.... This practice allows the appellate court to "delay consideration of the appeal until the trial court has considered the [Rule] 60(b) motion." ... Arguments pertaining to the grant or denial of the motion along with other assignments of error could then be considered by the appellate court simultaneously.
Hall, 177 N.C.App. at 458, 628 S.E.2d at 471 (quoting Bell v. Martin, 43 N.C.App. 134, 142, 258 S.E.2d 403, 409 (1979)). Thus, a ruling on a pending Rule 60(b) motion is favored before the merits of an appeal are considered because it allows the appellate court to completely dispose of all issues in a case. Because the record indicates that a Rule 60(b) motion had been filed with the trial court prior to HWW filing a notice of appeal, we remand the instant case to the trial court so that it may rule on HWW's motion.
Remanded.
Judges ELMORE and STROUD concur.
Report per Rule 30(e).
NOTES
[1] WHOA did not appeal the trial court's judgment.
[2] In addition to the 20 March 2007 letter, plaintiff included a 23 April 2007 letter from Farris to the developer stating its failures (1) to remove mound of dirt and debris and (2) to construct recreational improvements were a violation of the ordinance. This letter was included as a Rule 11(c) supplement to the record on appeal. In its reply brief, HWW contends because this letter was not filed, served, submitted for consideration, admitted, and no offer of proof was tendered to the trial court for it, it should not be considered by this Court. See N.C.R.App. P. 11(c). HWW's failure to properly object to the 23 April 2007 letter's inclusion in the Rule 11(c) supplement to the record on appeal waives its current objection. See N.C.R.App. P. 11(c). However, we note that notwithstanding the 23 April 2007 letter, the 20 March 2007 letter put HWW on notice that removal of the dirt was necessary to cure the violation.