Dawkins v. Dawkins

---

VIOLET T. DAWKINS v. WILLIAM A. DAWKINS

No. 7610DC735

(Filed 2 March 1977)

Process § 9— nonresident defendant — proof of service by mail — necessity for affidavit

Where the nonresident defendant made a special appearance to challenge the service of process upon him by registered mail, the return receipt of registered mail, without the accompanying affidavit showing the circumstances warranting the use of service by registered mail required by G.S. 1A-1, Rule 4(j)(9)(b), was insufficient to prove service of process by mail.

---

---

APPEAL by plaintiff from *Murray, Judge.* Order entered 4 June 1976 in District Court, WAKE County. Heard in the Court of Appeals 15 February 1977.

Plaintiff brought this action to collect support payments due her under a Deed of Separation. She attempted to serve the defendant by registered mail, return receipt requested, at his home in Pensacola, Florida. On 1 March 1976, defendant moved to quash the purported service of process on grounds that the service was defective, and that the court lacked personal jurisdiction over him. The motion was granted. Plaintiff appeals.

*Blanchard, Tucker, Twiggs & Denson, by R. Paxton Badham, Jr., for plaintiff appellant.*

*Cockman, Aldridge & Davis, by John M. Davis, for defendant appellee.*

ARNOLD, Judge.

The record on appeal includes only one document purporting to prove service of process, a return receipt for registered mail, signed by Mrs. W. A. Dawkins, acknowledging receipt at the home of William A. Dawkins in Pensacola Florida. The Rules of Appellate Procedure, Rule 9(b)(1)(iii), require that the record include "a copy of the summons with return, or of other papers showing jurisdiction of the trial court over person or property, or . . . a stipulation . . . showing the same."

The crucial question presented by this appeal is whether the return receipt, standing alone, is proof of service of process. It is not. G.S. 1A-1, Rule 4(j)(9)(b) provides for service of process by registered mail, and in pertinent part it says:

> Any party that . . . is not an inhabitant of . . . this State . . .
>
> > (b) . . . may be served by mailing a copy of the summons and complaint, registered or certified mail, return receipt requested, addressed to the party to be served . . . . Before judgment by default may be had on such service, the serving party shall file an affidavit with the court showing the circumstances warranting the use of service by registered or certified mail and averring (i) that a copy of the summons and complaint was deposited in the post office for mailing

by registered or certified mail, return receipt requested, (ii) that it was in fact received as evidenced by the attached registered or certified receipt or other evidence satisfactory to the court of delivery to the addressee, and (iii) that the genuine receipt or other evidence of delivery is attached. *This affidavit . . . shall also constitute the method of proof of service of process when the party appears in the action and challenges such service upon him.* (Emphasis added.)"

Defendant made a special appearance to challenge the service of process upon him. In this circumstance the rule requires an affidavit containing certain information showing the circumstances which warrant the use of service by registered mail, and this affidavit constitutes proof of service of process. The language of the statute is explicit and mandatory. The return receipt of registered mail, without the accompanying affidavit which is required, is insufficient to prove service of process by mail.

Affirmed.

Chief Judge BROCK and Judge PARKER concur.