ZACHARY, Judge.
*39 KPC Holdings and National Indemnity Group ("National Indemnity" and collectively "Respondents") appeal orders adding them as parties to this action, setting aside an order for foreclosure, canceling a deed, and denying an indicative joint motion for relief under Rule 60(b)(6). After careful review, we conclude that the trial court correctly determined that the foreclosure sale in this case was invalid due to lack of proper service of the notice of foreclosure, and that the trustee on a deed of trust other than that on which foreclosure was instituted was not a necessary party to the proceedings; however, KPC Holdings was a good faith purchaser for value. Therefore, the trial court should not have *40 voided the deed conveying the property to KPC Holdings or the subsequent deed to National Indemnity.
Background
Calmore George and his wife, Hygiena Jennifer George, owned a home in Mecklenburg County, North Carolina. On 22 August 2016, The Crossings Community Association, Inc., the Georges' homeowners' association, filed a planned community claim of lien against the Georges' property for unpaid association fees totaling $204.75. The homeowners' association appointed a trustee to represent the association on its claim of lien, and the trustee commenced a non-judicial foreclosure proceeding on the property. Included in the documents filed in the foreclosure proceeding were two sheriff's returns of service indicating personal service of the notice of foreclosure upon Hygiena Jennifer George and substitute service upon Calmore George by leaving the notice with his wife at their residence. The foreclosure trustee also filed an affidavit of attempted service of process by certified mail, return receipt requested, and by first class mail sent to both the Mecklenburg County property and to the Georges' other known address in the Virgin Islands.
On 9 December 2016, an Assistant Clerk of Mecklenburg County Superior Court filed an order permitting foreclosure with a notice of sale indicating that the property would be sold at auction on 12 January 2017. KPC Holdings purchased the property on 12 January 2017 for $2,650.22. No party filed an upset bid by the deadline and on 3 February 2017, the foreclosure trustee deeded the landto *24 KPC Holdings. On 21 March 2017, KPC Holdings conveyed the property to National Indemnity in consideration for National Indemnity's promise to pay KPC Holdings $150,000.00, evidenced by a promissory note and deed of trust naming Jonathan Hankin as trustee.
On 18 April 2017, the Georges filed a motion to set aside the foreclosure sale under Rule 60(c) of the North Carolina Rules of Civil Procedure alleging that "[n]o type of personal service was effectuated [upon] the Georges." National Indemnity moved to intervene on 10 May 2017. On 17 July 2017, the Honorable Nathaniel J. Poovey heard the Rule 60 motion and subsequently entered an order joining National Indemnity and KPC Holdings as necessary parties to the proceeding. After a hearing, on 9 August 2017, Judge Poovey entered an order setting aside the order for foreclosure, canceling the trustee's foreclosure deed to KPC Holdings, and canceling KPC Holdings' deed to National Indemnity.
National Indemnity appealed the 9 August 2017 order setting aside the foreclosure on 1 September 2017. That same day, KPC Holdings *41 appealed both the 17 July 2017 order joining KPC Holdings as a necessary party and the 9 August 2017 order setting aside the foreclosure and canceling the deeds.
Thereafter, Respondents filed a Joint Motion for Relief under Rule 60(b)(6) with the trial court, and requested that this Court temporarily remand the case for the trial court to hear the motion and enter an indicative ruling. This Court granted Respondent's Motion to Remand.[1] On 15 March 2018, the trial court entered an Indicative Denial of Joint Motion for Relief under Rule 60(b)(6). Respondents timely filed notices of appeal from the Indicative Denial.
Discussion
Respondents argue on appeal that the trial court erred in: (1) failing to join the trustee on the deed of trust between KPC Holdings and National Indemnity as a necessary party to the Rule 60 proceeding; (2) ruling that the foreclosure trustee failed to give sufficient notice of the non-judicial foreclosure proceeding to Calmore George; and (3) determining that Respondents were not good faith purchasers for value.[2] We address each argument in turn.
Rule 60(b) Motions
Rule 60 of the North Carolina Rules of Civil Procedure allows the trial court to relieve a party from a final judgment or order for several reasons, including that "[t]he judgment is void" and "[a]ny other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(4), (6) (2017). "A judgment will not be deemed void merely for an error in law, fact, or procedure. A judgment is void only *42 when the issuing court has no jurisdiction over the parties or subject matter in question or has no authority to render the judgment entered." Burton v. Blanton , 107 N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992). A trial court cannot set aside a judgment or order pursuant to Rule 60(b)(6) without showing that: (1) extraordinary circumstances exist, and (2) justice demands relief. *25 Howell v. Howell , 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987). Additionally, to obtain relief under Rule 60(b)(6), the moving party must show that it has a meritorious defense. In re Oxford Plastics v. Goodson , 74 N.C. App. 256, 258, 328 S.E.2d 7, 9 (1985).
The determination of whether to grant relief under Rule 60(b)(6) is equitable in nature and within the trial court's discretion. Kennedy v. Starr , 62 N.C. App. 182, 186, 302 S.E.2d 497, 499-500, disc. review denied , 309 N.C. 321, 307 S.E.2d 164 (1983). As such, this Court reviews Rule 60(b) motions for an abuse of discretion. Davis v. Davis , 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006). "A trial court abuses its discretion when its decision is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." Ehrenhaus v. Baker , 216 N.C. App. 59, 71, 717 S.E.2d 9, 18 (2011) (quotation marks omitted), appeal dismissed and disc. review denied , 366 N.C. 420, 735 S.E.2d 332 (2012).
North Carolina Planned Community Act
The General Assembly enacted the North Carolina Planned Community Act to regulate "the creation, alteration, termination, and management of planned subdivision communities." Wise v. Harrington Grove Cmty. Ass'n , 357 N.C. 396, 399, 584 S.E.2d 731, 734, reh'g denied , 357 N.C. 582, 588 S.E.2d 891 (2003) ; see also generally "An Act to Establish the North Carolina Planned Community Act," 1998 N.C. Sess. Laws 674, ch. 199 (codified as amended at N.C. Gen. Stat. §§ 47F-1-101 to -3-122). A "planned community" is "real estate with respect to which any person, by virtue of that person's ownership of a lot, is expressly obligated by a declaration to pay real property taxes, insurance premiums, or other expenses to maintain, improve, or benefit other lots or other real estate described in the declaration." N.C. Gen. Stat. § 47F-1-103(23) (2017). A planned community's owners' association is empowered to, among other things, "[i]mpose and receive any payments, fees, or charges for the use, rental, or operation of the common elements ... and for services provided to lot owners." Id. § 47F-3-102(10). Any assessment levied upon a lot owner that is unpaid for thirty days or more constitutes a lien on the property when a claim of lien is filed with the clerk of superior court in the county in which the land is situated. Id.
*43 § 47F-3-116(a). The owners' association "may foreclose a claim of lien in like manner as a mortgage or deed of trust on real estate under power of sale, as provided in Article 2A of Chapter 45 of the General Statutes, if the assessment remains unpaid for 90 days or more." Id. § 47F-3-116(f). Thus, a foreclosure of an owners' association claim of lien proceeds as a power of sale foreclosure.
I. Failure to Join a Necessary Party
Respondents argue that the trial court erred by failing to join Jonathan Hankin, the trustee named on the deed of trust between KPC Holdings and National Indemnity, as a necessary party to the Rule 60(b) proceedings. We disagree.
Parties "who are united in interest must be joined as plaintiffs or defendants." Id. § 1A-1, Rule 19(a). "A person is 'united in interest' with another party when that person's presence is necessary in order for the court to determine the claim before it without prejudicing the rights of a party before it or the rights of others not before the court." Ludwig v. Hart , 40 N.C. App. 188, 190, 252 S.E.2d 270, 272, disc. review denied , 297 N.C. 454, 256 S.E.2d 807 (1979). "A 'necessary' party is one whose presence is required for a complete determination of the claim, and is one whose interest is such that no decree can be rendered without affecting the party." In re Foreclosure of Barbot , 200 N.C. App. 316, 319, 683 S.E.2d 450, 453 (2009). "A judgment which is determinative of a claim arising in an action to which one who is 'united in interest' with one of the parties has not been joined is void." Ludwig , 40 N.C. App. at 190, 252 S.E.2d at 272. When the absence of a necessary party is brought to the attention of the trial court, it should not address the merits of the case until the necessary party is joined to the action, and the trial court should bring in the necessary party ex mero motu if no other party moves to do so. Booker v. Everhart , 294 N.C. 146, 158, 240 S.E.2d 360, 367 (1978).
*26 Generally, when a party seeks "to have [a] deed declared null and void[,] .... the court would have to have jurisdiction over the parties necessary to convey good title." Brown v. Miller , 63 N.C. App. 694, 699, 306 S.E.2d 502, 505 (1983), appeal dismissed and disc. review denied , 310 N.C. 476, 312 S.E.2d 882 (1984). A trustee is one of three parties involved in a deed of trust,
[wherein] the borrower conveys legal title to real property to a third party trustee to hold for the benefit of the lender until repayment of the loan .... When the loan is repaid, the trustee cancels the deed of trust, restoring legal title *44 to the borrower, who at all times retains equitable title in the property.
Skinner v. Preferred Credit , 361 N.C. 114, 120-21, 638 S.E.2d 203, 209 (2006) (citations omitted), reh'g denied , 361 N.C. 371, 643 S.E.2d 591 (2007). Accordingly, in foreclosure proceedings, "[t]rustees are necessary parties ... because the trustee is the party tasked with facilitating the [foreclosure] process." Greene v. Tr. Servs. of Carolina, LLC , 244 N.C. App. 583, 596, 781 S.E.2d 664, 673, disc. review denied , 368 N.C. 911, 786 S.E.2d 268 (2016).
The trustee on a deed of trust is not, however, inevitably a necessary party to all litigation involving property for which the trustee holds the deed of trust. In 2011, the General Assembly enacted a statute titled, "An Act to Modernize and Enact Certain Provisions Regarding Deeds of Trust ... Eliminating Trustee of Deed of Trust as Necessary Party for Certain Transactions and Litigation ...." 2011 N.C. Sess. Laws 1212, 1231-32, ch. 312, § 15 (codified as amended at N.C. Gen. Stat. § 45-45.3 ). This Act provides that
[e]xcept in matters relating to the foreclosure of the deed of trust or the exercise of a power of sale under the terms of the deed of trust, the trustee is neither a necessary nor a proper party to any civil action or proceeding involving (i) title to the real property encumbered by the lien of the deed of trust or (ii) the priority of the lien of the deed of trust.
N.C. Gen. Stat. § 45-45.3(c) (2017) (emphasis added). Proceedings in which the trustee on the deed of trust is not a necessary party include "[t]he foreclosure of a lien other than the lien of the deed of trust , regardless of whether the lien is superior or subordinate to the lien of the deed of trust, including, but not limited to, the foreclosure of mortgages, other deeds of trust, tax liens, and assessment liens." Id. § 45-45.3(c)(6) (emphasis added).
Here, Jonathan Hankin is named as trustee on the deed of trust between KPC Holdings and National Indemnity. The proceedings in this case did not endeavor to foreclose upon the deed of trust for which Hankin is trustee, but rather concerned the foreclosure of the homeowners' association's claim of lien on the property-"a lien other than the lien of the deed of trust." Id. Thus, Hankin was not a necessary party to either Rule 60 proceeding. Accordingly, the trial court did not err in declining to join Hankin as a necessary party.
*45 II. Notice of Foreclosure
Respondents next argue that the trial court erred by ruling that the foreclosure trustee failed to give proper notice of the non-judicial foreclosure proceeding to Calmore George. This argument lacks merit.
To foreclose upon a claim of lien, a homeowners' association must do so "in like manner as a mortgage or deed of trust on real estate under power of sale, as provided in Article 2A of Chapter 45 of the General Statutes." N.C. Gen. Stat. § 47F-3-116(f) (2017). Chapter 45 of the General Statutes provides that
[a]fter the notice of hearing is filed, the notice of hearing shall be served upon each party entitled to notice under this section .... The notice shall be served and proof of service shall be made in any manner provided by the Rules of Civil Procedure for service of summons , including service by registered mail or certified mail, return receipt requested.
Id. § 45-21.16(a) (emphases added). The notice must be provided to "[e]very record owner of the real estate whose interest is of record in the county where the real property is located at the time the notice of hearing is *27 filed in that county." Id. § 45-21.16(b)(3). "The purpose and aim of the service of the summons are to give notice to the party against whom the proceeding or action is commenced, and any notification which reasonably accomplishes that purpose answers the claims of law and justice." Jester v. Steam Packet Co. , 131 N.C. 54, 55, 42 S.E. 447, 447 (1902). "It is well established that a court may obtain personal jurisdiction over a defendant only by the issuance of summons and service of process by one of the statutorily specified methods." Glover v. Farmer , 127 N.C. App. 488, 490, 490 S.E.2d 576, 577 (1997), disc. review denied , 347 N.C. 575, 502 S.E.2d 590 (1998). "Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." Id.
Rule 4 of our Rules of Civil Procedure provides the acceptable methods of service of process required in order to properly exercise personal jurisdiction upon a natural person in this State. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1) (2017). Relevant to this case, a party may accomplish service upon a natural person not under disability in one of the following ways:
a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode *46 with some person of suitable age and discretion then residing therein.
....
c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
Id. § 1A-1, Rule 4(j)(1)(a), (c).
Service by personal delivery is accomplished by either: (1) delivering the complaint and summons to "the natural person" named therein, or (2) leaving a copy of those documents "at the defendant's dwelling house or usual place of abode" with someone "of suitable age and discretion" who resides at the residence. Id. § 1A-1, Rule 4(j)(1)(a). "[N]o hard-and-fast definition can be laid down" for what constitutes an individual's dwelling house or usual place of abode, but it "is a question to be determined on the facts of the particular case." Van Buren v. Glasco , 27 N.C. App. 1, 5, 217 S.E.2d 579, 582 (1975), overruled on other grounds by Love v. Moore , 305 N.C. 575, 291 S.E.2d 141 (1982). "[I]t is unrealistic to interpret Rule 4 [ ] so that the person to be served only has one dwelling house or usual place of abode at which process may be left." Id. at 6, 217 S.E.2d at 582.
When attempting to effectuate service by certified mail, return receipt requested, "the serving party shall file an affidavit with the court showing proof of such service in accordance with the requirements of G.S. 1-75.10(a)(4)." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2) (2017). The affidavit must aver:
a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
c. That the genuine receipt or other evidence of delivery is attached.
Id. § 1-75.10(a)(4). The requirement that an affidavit contain information showing the circumstances warranting the use of service by registered mail under Rule 4(j2)(2) in order to constitute proof of service is mandatory. See *47 Dawkins v. Dawkins , 32 N.C. App. 497, 499, 232 S.E.2d 456, 457 (1977) (applying a former version of Rule 4 ). "[F]ailure to serve process in the manner prescribed by statute makes the service invalid, even though a defendant has actual notice of the lawsuit." Hunter v. Hunter , 69 N.C. App. 659, 662, 317 S.E.2d 910, 911 (1984).
Here, while the Georges owned the Mecklenburg County property at issue, they did not reside there; they lived in the Virgin Islands. The Georges' three daughters lived at the Mecklenburg County residence in order to attend college. Hygiena Jennifer George testified that she visited the Mecklenburg County property when she was on vacation. Calmore George testified that he usually visited the Mecklenburg County property once per year around the Christmas holiday *28 or once every few years if there was a significant maintenance issue that required his presence. Whenever the Georges did visit the Mecklenburg County property, they "stay[ed] in the study area with [an] inflatable bed."
Deputy Shakita Barnes of the Mecklenburg County Sheriff's Office attempted personal service of the notice of foreclosure upon the Georges. According to the Foreclosure Notice of Return, Deputy Barnes personally served Hygiena Jennifer George and served Calmore George by leaving copies of the notice with his wife Jennifer, "who is a person of suitable age and discretion and who resides in the respondent's dwelling house or usual place of abode." However, Deputy Barnes actually served one of the Georges' daughters, Janine, a younger female who "said that she was ... Ms. Jennifer George."
In voiding the foreclosure sale of the property, the trial court found that the property was "not the dwelling or usual place of abode for Calmore George" and that "proper service upon Calmore George did not occur and the court did not have personal jurisdiction to enter an order adverse to him." The trial court further determined "that no findings are necessary regarding the determination of whether [the Mecklenburg County property] is the dwelling or usual place of abode for [Hygiena] Jennifer George." As a result, the trial court set aside the foreclosure of the Georges' property, canceled the foreclosure deed to KPC Holdings, and canceled the subsequent conveyance of the property from KPC Holdings to National Indemnity.
The trial court correctly determined that the foreclosure trustee failed to serve all record owners of the property as required by N.C. Gen. Stat. § 45-21.16. The attempted service of the notice of foreclosure upon Calmore George by leaving a copy at the Mecklenburg County property was inadequate because the property was not his dwelling house or usual place of abode.
*48 A place of residence to which the owners only return once or twice each year over the holidays or for maintenance issues does not qualify as a dwelling house or usual place of abode for purposes of Rule 4 service. In Van Buren , service was accomplished by delivering copies of the summons to the appellant's fifteen-year-old son. 27 N.C. App. at 5, 217 S.E.2d at 582. The appellant owned the home with his wife as tenants by the entirety, and his wife and children resided there. Id. Although the appellant spent most of his time working in South Carolina, he "regularly returned [to the home] on a frequently recurring basis." Id. The appellant stated in an affidavit that he would normally be present at the home "at least twice during any 30-day period." Id. This Court held that the appellant's "relationship and connection with the North Carolina dwelling were such that there was a reasonable probability that substitute service of process at that dwelling would, as it in fact here did, inform him of the proceedings against him." Id. at 6, 217 S.E.2d at 582.
By contrast, in this case, the Georges were present at the property far less than "twice during any 30-day period." Id. at 5, 217 S.E.2d at 582. The evidence presented to the trial court demonstrated that, at most, the Georges were present on the property a few times each year, mostly around the holiday season, as well as when maintenance issues arose requiring Calmore George's attention. Such an infrequent and temporary presence is not enough to qualify the residence as the dwelling house or place of abode for Calmore George, rendering the attempted substitute service improper. Accordingly, the trial court correctly determined that the foreclosure sale was void due to lack of personal jurisdiction over Calmore George.
III. Purchaser in Good Faith
Respondents next argue that the trial court erred in determining that neither KPC Holdings nor National Indemnity were good faith purchasers for value, and by thereafter voiding KPC Holdings' title to the property as well as its subsequent deed to National Indemnity. We agree.
Our General Statutes provide that title to property sold under a judgment to a good faith purchaser for value cannot be set aside:
If a judgment is set aside pursuant to Rule 60(b) or (c) of the Rules of Civil Procedure and the judgment or any part thereof has *29 been collected or otherwise enforced, such restitution may be compelled as the court directs. Title to property sold under such judgment to a purchaser in good faith is not thereby affected.
*49 N.C. Gen. Stat. § 1-108 (2017). "A person is an innocent purchaser when he purchases without notice, actual or constructive, of any infirmity, and pays valuable consideration and acts in good faith." Morehead v. Harris , 262 N.C. 330, 338, 137 S.E.2d 174, 182 (1964). A buyer purchases without notice of defects when "(a) he has no actual knowledge of the defects; (b) he is not on reasonable notice from recorded instruments; and (c) the defects are not such that a person attending the sale exercising reasonable care would have been aware of the defect." Swindell v. Overton , 310 N.C. 707, 714-15, 314 S.E.2d 512, 517 (1984).
Absent actual notice of any defect, a purchaser may rely on the record's facial validity in determining that title to the land in question is devoid of defects. See Goodson v. Goodson , 145 N.C. App. 356, 363, 551 S.E.2d 200, 206 (2001) ("[T]he deficiencies in the conveyance must be expressly or by reference set out in the muniments of record title, or brought to the notice of the purchaser so as to put him on inquiry." (citing Morehead , 262 N.C. at 340-41, 137 S.E.2d at 184 )). There is a presumption of effective service "[w]hen the return shows legal service by an authorized officer, nothing else appearing." Harrington v. Rice , 245 N.C. 640, 642, 97 S.E.2d 239, 241 (1957). "Allegations of inadequacy of the purchase price realized at a foreclosure sale which has in all other respects been duly and properly conducted in strict conformity with the power of sale will not be sufficient to upset a sale." Swindell , 310 N.C. at 713, 314 S.E.2d at 516.
An individual purchases something when they acquire an "interest in real or personal property by sale, discount, negotiation, mortgage, pledge, lien, issue, reissue, gift, or any other voluntary transaction." Purchase , Black's Law Dictionary (10th ed. 2014). Consideration is "[s]omething such as an act, a forbearance, or a return promise bargained for and received by a promisor from a promisee." Consideration , Black's Law Dictionary (10th ed. 2014) (parentheses omitted). "What constitutes valuable consideration depends upon the context of a particular case." Estate of Graham v. Morrison , 168 N.C. App. 63, 68, 607 S.E.2d 295, 299 (2005). A deed of trust is a conveyance for valuable consideration. Edwards v. Bank , 39 N.C. App. 261, 271, 250 S.E.2d 651, 659 (1979). A purchaser acts in good faith when possessing "[a] state of mind consisting in (1) honesty in belief or purpose, (2) faithfulness to one's duty or obligation, (3) observance of reasonable commercial standards of fair dealing in a given trade or business, or (4) absence of intent to defraud or to seek unconscionable advantage." Good Faith , Black's Law Dictionary (10th ed. 2014).
*50 A bedrock principle of both our federal and state constitutions is that a person's property cannot be taken without due process of law. U.S. Const. amends. V, XIV ; N.C. Const. art. I, § 19. "The fundamental premise of procedural due process protection is notice and the opportunity to be heard." Peace v. Employment Sec. Comm'n , 349 N.C. 315, 322, 507 S.E.2d 272, 278 (1998) (citing Cleveland Bd. of Educ. v. Loudermill , 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494, 503 (1985) ). N.C. Gen. Stat. § 1-108, which provides that title to property sold under a judgment to a good faith purchaser for value cannot be set aside, "may be unconstitutional as applied if the property owner being divested of her property has not received notice which is at least constitutionally sufficient." In re Ackah , --- N.C. App. ----, ----, 804 S.E.2d 794, 797 (2017), aff'd per curiam , 370 N.C. 594, 811 S.E.2d 143 (2018). Notice is "constitutionally sufficient if it was reasonably calculated to reach the intended recipient when sent." Id. at ----, 804 S.E.2d at 797 (quoting Jones v. Flowers , 547 U.S. 220, 226, 126 S.Ct. 1708, 1714, 164 L.Ed.2d 415, 426 (2006) ). This Court in Ackah , citing Jones , stated that "constitutional due process does not require that the property owner receive actual notice," id. at ----, 804 S.E.2d at 797 (quotation marks omitted), and "where notice sent by certified mail is returned 'unclaimed,' due process requires only that the sender must take some reasonable follow-up measure to provide other notice *30 where it is practicable to do so." Id. at ----, 804 S.E.2d at 797.
In the instant case, the trial court concluded in its Indicative Denial of Joint Motion for Relief Under Rule 60(b)(6) that "[n]either KPC Holdings nor National Indemnity Group qualifies under N.C. Gen. Stat. § 1-108 as a purchaser in good faith." The trial court found that "[t]he respective principals of [Respondents] are colleagues that have known each other for several years and have had transactions in the past." The trial court also made findings regarding, inter alia , KPC Holdings' $2,650.22 purchase of the property at the non-judicial foreclosure sale; the $150,000.00 promissory note, secured by a deed of trust, between KPC Holdings and National Indemnity; and National Indemnity's intention to refurbish and eventually sell the property for $240,000.00. At the hearing to set aside the foreclosure, the trial court stated that the credibility of Laura Schoening, principal of National Indemnity, was negatively affected by her inability to remember the details concerning the deed of trust or whether Respondents had done business in the past.
Nonetheless, KPC Holdings was a good faith purchaser for value at the foreclosure sale. No record evidence exists that either KPC Holdings or National Indemnity had actual knowledge or constructive notice of the improper service of the foreclosure notice. No infirmities *51 or irregularities existed in the foreclosure record that would reasonably put KPC Holdings or any other prospective purchaser on notice that service was improper. The sheriff's return of service indicated that personal service was made upon Hygiena Jennifer George and that substitute service was accomplished for Calmore George by leaving copies with Hygiena Jennifer George. KPC Holdings was entitled to rely upon that record in purchasing the property at the foreclosure sale. Further, as our Supreme Court has held, the low price of the foreclosure sale alone, absent actual or constructive notice of any infirmities, is not sufficient grounds to set aside a purchase by an otherwise good faith purchaser. Swindell , 310 N.C. at 713, 314 S.E.2d at 516. It is also clear that KPC Holdings paid value for the property. Accordingly, the trial court's findings of fact do not support the conclusion that KPC Holdings was not a good faith purchaser. In that KPC Holdings was a good faith purchaser for value, we need not consider whether National Indemnity was as well.
Our dissenting colleague on this issue contends that Respondents are not good faith purchasers within the meaning of N.C. Gen. Stat. § 1-108. Our colleague argues that the inadequate sale price at the foreclosure coupled with the failure to obtain proper service upon the Georges prevents Respondents from retaining title to the land as good faith purchasers. Dissent at 33 ("[G]ross inadequacy of consideration, when coupled with any other inequitable element, even though neither, standing alone, may be sufficient for the purpose, will induce a court of equity to interpose and do justice between the parties." (quoting Foust v. Gate City Sav. & Loan Ass'n , 233 N.C. 35, 37, 62 S.E.2d 521, 523 (1950) )). However, Swindell instructs that
Foust stands for the proposition that it is the materiality of the irregularity in such a sale, not mere inadequacy of the purchase price, which is determinative of a decision in equity to set the sale aside. Where an irregularity is first alleged, gross inadequacy of purchase price may then be considered on the question of the materiality of the irregularity.
Swindell , 310 N.C. at 713, 314 S.E.2d at 516 (emphasis added). We think the failure to effectuate service is not a material irregularity where, as here, the Georges have experienced at least two previous foreclosures on this same Mecklenburg County property, and are familiar with the procedure. Accordingly, we do not agree with our dissenting colleague that the equities weigh in the Georges' favor.
*52 While Calmore George did not receive proper Rule 4 notice of the foreclosure sale of the property, as explained above, the Georges did receive constitutionally sufficient notice. Thus, pursuant to N.C. Gen. Stat. § 1-108, the deed to the property sold under the foreclosure judgment to KPC Holdings, a purchaser in good faith, should not have been canceled by the trial court. After a manner of *31 service fails, some follow-up measure reasonably calculated to reach the intended recipient suffices as constitutionally sufficient service. Ackah , --- N.C. App. at ----, 804 S.E.2d at 797. In Ackah , the homeowners' association attempted service by certified mail, but the notice letter came back unclaimed. Id. at ----, 804 S.E.2d at 796. The homeowners' association then posted notice of the hearing on the front door of the property. Id. at ----, 804 S.E.2d at 796. This Court held that the further measure of posting notice on the front door was constitutionally sufficient. Id. at ----, 804 S.E.2d at 797. We noted that the homeowners' association did even more than post notice-they also sent several letters by regular mail. Id. at ----, 804 S.E.2d at 797.
Here, the trustee for the homeowners' association attempted to inform the Georges of the foreclosure sale by: (1) attempted personal service on Hygiena Jennifer George; (2) attempted personal service on Calmore George; (3) attempted certified mail to the Georges at the Mecklenburg County property address; (4) attempted certified mail to the Georges at the Virgin Islands address; (5) regular mail to the Georges at the Mecklenburg County property address; (6) regular mail to the Georges at the Virgin Islands address; and (7) an email exchange between "Jennifer George" and the foreclosure trustee on 17 January 2017, before the upset-bid period expired, in which Jennifer George requested the reinstatement quote.[3] These attempts are more than enough to establish constitutionally sufficient notice under Ackah and Jones .
Accordingly, because KPC Holdings was a good faith purchaser for value and because the Georges received constitutionally sufficient notice of the foreclosure sale, the trial court abused its discretion in voiding the order of foreclosure and in canceling both the deed to KPC Holdings and its subsequent deed to National Indemnity. While a harsh result for the Georges, they are not without a remedy. N.C. Gen. Stat. § 1-108 permits the Georges to seek restitution. Id. at ----, 804 S.E.2d at 797.
*53 In any event, our General Assembly has made the policy decision to favor the good faith purchaser at a foreclosure over the debtor where there is a deficiency in the procedure. As this Court has explained,
it is our duty to follow the policy decision made by our General Assembly, as set forth in N.C. Gen. Stat. § 1-108, which would favor the interests of [KPC Holdings], as a good faith purchaser at a judicial sale, ahead of the interests of [the Georges] in the Property. We note that the General Assembly's policy decision favoring [KPC Holdings] is rational because it encourages higher bids at judicial sales ....
Id. at ----, 804 S.E.2d at 798. "This Court is an error-correcting body, not a policy-making or law-making one. We lack the authority to change the law on the ground that it might make good policy sense to do so." Fagundes v. Ammons Dev. Grp. , --- N.C. App. ----, ----, 796 S.E.2d 529, 533 (citation and quotation marks omitted), disc. review denied , 370 N.C. 66, 803 S.E.2d 626 (2017).
In addition to encouraging higher bids at foreclosure sales, our Supreme Court has long recognized that this policy fosters reliance on the integrity of record title to property and judicial proceedings concerning property. See, e.g. , Sutton v. Schonwald , 86 N.C. 198, 202-04 (1882) ; see also Bolton v. Harrison , 250 N.C. 290, 298, 108 S.E.2d 666, 671 (1959) ("Necessarily, purchasers of property, especially land, must have faith in and place reliance on the validity of judicial proceedings.").
Conclusion
KPC Holdings abandoned its appeal of the 17 July 2017 order joining it as a necessary party; thus, that appeal is dismissed. Jonathan Hankin, trustee on the deed of trust between KPC Holdings and National Indemnity, was not a necessary party to either Rule 60 proceeding. The trial court correctly determined that Calmore George was not *32 properly served with notice of the foreclosure sale and that the clerk of court therefore lacked personal jurisdiction to enter a foreclosure against him. However, KPC Holdings was a good faith purchaser for value, and the Georges received constitutionally sufficient notice of the foreclosure sale.
Accordingly, we affirm the portion of the 9 August 2017 order voiding the foreclosure. The portion of that order canceling and setting aside the trustee's foreclosure deed to KPC Holdings, canceling and setting aside the deed between KPC Holdings and National Indemnity, *54 and canceling and voiding the deed of trust between KPC Holdings and National Indemnity is reversed and remanded. On remand, the trial court may enter an order not inconsistent with this opinion, which may include, for example, relief to the Georges in the form of restitution, as authorized by N.C. Gen. Stat. § 1-108. Ackah , --- N.C. App. at ----, 804 S.E.2d at 800.
DISMISSED IN PART; AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
Judge DILLON concurs by separate opinion.
Judge BRYANT concurs in part and dissents in part by separate opinion.

Generally, the filing of an appeal divests the trial court's jurisdiction over a case; however, "[t]he trial court retains limited jurisdiction to indicate how it is inclined to rule on a Rule 60(b) motion." Hall v. Cohen , 177 N.C. App. 456, 458, 628 S.E.2d 469, 471 (2006). When a party notifies this Court that a Rule 60(b) motion has been filed in the trial court, "this Court will remand the matter to the trial court so the trial court may hold an evidentiary hearing and indicate 'how it [is] inclined to rule on the motion were the appeal not pending.' " Id. (quoting Bell v. Martin , 43 N.C. App. 134, 142, 258 S.E.2d 403, 409 (1979), rev'd on other grounds , 299 N.C. 715, 264 S.E.2d 101 (1980) ). If the trial court indicates it would grant the motion, then the party could ask this Court to remand the case for a final judgment on the motion. Bell , 43 N.C. App. at 142, 258 S.E.2d at 409. "An indication by the trial court that it would deny the motion would be considered binding on that court and [the] appellant could then request appellate court review of the lower court's action." Id.

KPC Holdings noticed for appeal the 17 July 2017 order joining it as a necessary party; however, KPC Holdings presents no argument in its brief concerning this alleged error. Thus, this argument is abandoned and we will not review it. N.C.R. App. P. 28(a) ("Issues not presented and discussed in a party's brief are deemed abandoned.").

It is unclear whether this "Jennifer George" was Hygiena Jennifer George or one of the Georges' daughters.