IN THE SUPREME COURT OF NORTH CAROLINA

No. 170A17

Filed 6 April 2018

THE CITY OF ASHEVILLE,

           Petitioner

        v.

ROBERT H. FROST,

           Respondent


Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 800 S.E.2d 118 (2017), reversing an order entered on 22 December 2015 by Judge William H. Coward in Superior Court, Buncombe County. Heard in the Supreme Court on 12 December 2017.

> *McGuire, Wood & Bissette, P.A., by Sabrina Presnell Rockoff; and City of Asheville City Attorney's Office, by Robin Currin, Kelly Whitlock, and John Maddux, for petitioner-appellee.*

> *John C. Hunter for respondent-appellant.*


MARTIN, Chief Justice.

Appellant Robert H. Frost, a police officer in the Asheville Police Department, was accused of using excessive force against a citizen. The Asheville Police Department began an administrative investigation into the incident and suspended Officer Frost during the course of the investigation. After the investigation had been completed, a panel of supervisors in Officer Frost's chain of command unanimously recommended to the City Police Chief that Officer Frost be terminated. The City

Police Chief agreed with the panel's recommendation and terminated Officer Frost. Officer Frost appealed his termination to the Asheville Civil Service Board, which conducted a three-day hearing. The Civil Service Board concluded that the City had "failed to show that [excessive force] was used" and had "failed to provide the employee, Robert Frost, with adequate due process protections in this matter." The Civil Service Board concluded that Officer Frost's termination was not justified, that his termination should be rescinded, and that his employment should be reinstated with back pay and benefits.

Pursuant to the Asheville Civil Service Law, the City filed a petition for a trial de novo in the Superior Court of Buncombe County to determine whether Officer Frost's termination was justified. Officer Frost—who, because the City had filed the petition in the case, was the respondent—filed a timely response to the petition, requesting a jury trial. The City moved to strike Officer Frost's request for a jury trial, claiming that Officer Frost had no constitutional or statutory right to a jury trial. The superior court denied the City's motion, concluding that the Civil Service Law incorporates Rule 38 of the North Carolina Rules of Civil Procedure and that a respondent has the right to request a jury trial by following the procedures set out in that rule.

By interlocutory appeal, the City appealed this denial to the Court of Appeals. The Court of Appeals reversed the superior court, concluding that "only petitioner City of Asheville had the right to request a jury trial." *City of Asheville v. Frost*, ___

N.C. App. ___, ___, 800 S.E.2d 118, 123 (2017). Judge Robert N. Hunter, Jr. dissented, concluding that "either a petitioner or a respondent has a right to a jury trial following the [Civil Service] Board's determination." *Id.* at ___, 800 S.E.2d at 126 (Hunter, J., dissenting). Based on Judge Hunter's dissent, Officer Frost exercised his statutory right to appeal to this Court.

The right to a jury trial exists only if provided for in the North Carolina Constitution or by statute. *Kiser v. Kiser*, 325 N.C. 502, 507-08, 385 S.E.2d 487, 490 (1989). The parties do not dispute that there is no constitutional right to a jury trial in this case. So this Court must determine whether a respondent such as Officer Frost has a statutory right to a jury trial in an appeal of an Asheville Civil Service Board decision to superior court.

We review questions of statutory interpretation de novo. *In re Foreclosure of Vogler Realty, Inc.*, 365 N.C. 389, 392, 722 S.E.2d 459, 462 (2012). The statutory provision at issue in this case is section 8(g) of the Asheville Civil Service Law, which states:

> Within ten days of the receipt of notice of the decision of the [Asheville Civil Service] Board, either party may appeal to the Superior Court Division of the General Court of Justice for Buncombe County for a trial de novo. The appeal shall be effected by filing with the Clerk of the Superior Court of Buncombe County a petition for trial in superior court, setting out the fact[s] upon which the petitioner relies for relief. If the petitioner desires a trial by jury, the petition shall so state. Upon the filing of the petition, the Clerk of the Superior Court shall issue a civil summons as in [a] regular civil action, and the sheriff of

> Buncombe County shall serve the summons and petition on all parties who did not join in the petition for trial. It shall be sufficient service upon the City for the sheriff to serve the petition and summons upon the clerk of the City. Therefore, the matter shall proceed to trial as any other civil action.

Act of Aug. 3, 2009, ch. 401, sec. 7, 2009 N.C. Sess. Laws 780, 784 (captioned "An Act to Revise the Laws Relating to the Asheville Civil Service Board").

The City argues that the General Assembly intended only the petitioner to have the right to a jury trial because section 8(g) says that, "[i]f the petitioner desires a trial by jury, the petition shall so state." The City maintains that this specific instruction for how a petitioner can exercise the right to a jury trial without an equally specific instruction for a respondent implies that a respondent does not have the right to a jury trial. This conclusion might make sense if section 8(g) said, for example, that "the petitioner has the right to a jury trial." Then we might infer that, by expressly saying that one party has the right, section 8(g) was implying that the other party does not. But the sentence in question does not say that. It says only that, "[i]f the petitioner desires a trial by jury, the petition shall so state." In other words, it says *how* a petitioner can request a jury trial. One can, of course, infer that a petitioner has the right to a jury trial; it would not make any sense to specify how to assert a right that does not exist. But it is wrong to infer the opposite—that is, to infer that a respondent *lacks* the right to a jury trial—from the fact that this sentence speaks only about a petitioner.

When read in its statutory context, moreover, this sentence does not indicate that the right belongs to a petitioner only. In interpreting a statute, a court must consider the statute as a whole and determine its meaning by reading it in its proper context and giving its words their ordinary meaning. *See State v. Jones*, 305 N.C. 520, 531, 290 S.E.2d 675, 681 (1982). Within section 8(g), the sentence that requires a petitioner to request a jury trial in its petition sits in the middle of three other sentences about the petition. The sentence right before the sentence in question tells the petitioner how to file the appeal and what to include in the petition. The two sentences right after the sentence in question describe how parties will be served with the petition and the accompanying summons. So it makes sense that the sentence in question is likewise about—and only about—the petitioner and the petition. Conversely, it would *not* make sense, given where the sentence appears in section 8(g), to say anything about a respondent, a respondent's pleading, or a respondent's demand for a jury trial. It is no surprise, then, that this sentence says nothing about how a respondent can request a jury trial, and it would be illogical to infer from this sentence that a respondent does not have the right to a jury trial.

Of course, it is not enough to say that a respondent is not barred from having the right to a jury trial. For Officer Frost to prevail in this appeal, the law must actually confer that right on a respondent. As we have already said, the parties agree (and they are correct in agreeing) that there is no constitutional right to a jury trial in this case. So Officer Frost must have a statutory right to a jury trial in order to

prevail.

And he does. Considering section 8(g) as a whole and reading its sentences in context with one another, section 8(g) effectively grants a respondent the right to a jury trial.

The final sentence of section 8(g) states that "the matter shall proceed to trial as any other civil action." A civil action is governed by the North Carolina Rules of Civil Procedure, so section 8(g) incorporates, among other things, Rule 38(b) of those Rules. Rule 38(b) does not confer any substantive right to a jury trial in any particular case; that right must come from somewhere else. But under Rule 38(b), the right to a jury trial is generally determined by the type of issue that a lawsuit presents, not by which party is requesting the jury trial. *See* N.C. R. Civ. P. 38(b) ("Any party may demand a trial by jury of any *issue* triable of right by a jury . . . ." (emphasis added)).

Section 8(g) indicates that issues arising in section 8(g) appeals are indeed issues on which a party may demand a jury trial. As we have already discussed, by saying that, "[i]f the petitioner desires a trial by jury, the petition shall so state," section 8(g) makes it clear that a petitioner has the right to a jury trial. Because section 8(g) allows "either party" to appeal an Asheville Civil Service Board decision, the petitioner in any given appeal could be either the City or the employee. The issue being appealed could therefore be an issue that either the City or the employee wishes

to appeal. This means that any issue related to an Asheville Civil Service Board decision is an "issue triable of right by a jury" in an appeal to superior court. Under Rule 38(b), moreover, "*[a]ny party* may demand a trial by jury of any issue triable of right by a jury." (Emphasis added.)

Thus, a respondent, just as much as a petitioner, may demand a jury trial in a superior court appeal of an Asheville Civil Service Board decision. We therefore reverse the decision of the Court of Appeals and remand this case to the Court of Appeals for further remand to the superior court for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.