IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-611

 Filed: 19 February 2019

Mecklenburg County, No. 16-SP-3875

IN THE MATTER OF PROPOSED FORECLOSURE OF CLAIM OF LIEN FILED
ON CALMORE GEORGE AND HYGIENA JENNIFER GEORGE BY THE
CROSSINGS COMMUNITY ASSOCIATION, INC. DATED AUGUST 22, 2016,
RECORDED IN DOCKET NO. 16-M-6465 IN THE OFFICE OF THE CLERK OF
COURT OF SUPERIOR COURT FOR MECKLENBURG COUNTY REGISTRY BY
SELLERS, AYRES, DORTCH & LYONS, P.A.

 Appeal by respondents from orders entered 17 July 2017, 9 August 2017, and

15 March 2018 by Judge Nathaniel J. Poovey in Mecklenburg County Superior Court.

Heard in the Court of Appeals 27 November 2018.

 James, McElroy & Diehl, P.A., by Preston O. Odom, III, and DeVore Acton &
 Stafford, PA, by Derek P. Adler, for respondents-appellants.

 Thurman, Wilson, Boutwell & Galvin, P.A., by James P. Galvin, for petitioners-
 appellees.

 ZACHARY, Judge.

 KPC Holdings and National Indemnity Group (“National Indemnity” and

collectively “Respondents”) appeal orders adding them as parties to this action,

setting aside an order for foreclosure, canceling a deed, and denying an indicative

joint motion for relief under Rule 60(b)(6). After careful review, we conclude that the

trial court correctly determined that the foreclosure sale in this case was invalid due

to lack of proper service of the notice of foreclosure, and that the trustee on a deed of
 IN RE: GEORGE

 Opinion of the Court

trust other than that on which foreclosure was instituted was not a necessary party

to the proceedings; however, KPC Holdings was a good faith purchaser for value.

Therefore, the trial court should not have voided the deed conveying the property to

KPC Holdings or the subsequent deed to National Indemnity.

 Background

 Calmore George and his wife, Hygiena Jennifer George, owned a home in

Mecklenburg County, North Carolina. On 22 August 2016, The Crossings

Community Association, Inc., the Georges’ homeowners’ association, filed a planned

community claim of lien against the Georges’ property for unpaid association fees

totaling $204.75. The homeowners’ association appointed a trustee to represent the

association on its claim of lien, and the trustee commenced a non-judicial foreclosure

proceeding on the property. Included in the documents filed in the foreclosure

proceeding were two sheriff’s returns of service indicating personal service of the

notice of foreclosure upon Hygiena Jennifer George and substitute service upon

Calmore George by leaving the notice with his wife at their residence. The foreclosure

trustee also filed an affidavit of attempted service of process by certified mail, return

receipt requested, and by first class mail sent to both the Mecklenburg County

property and to the Georges’ other known address in the Virgin Islands.

 On 9 December 2016, an Assistant Clerk of Mecklenburg County Superior

Court filed an order permitting foreclosure with a notice of sale indicating that the

 -2-
 IN RE: GEORGE

 Opinion of the Court

property would be sold at auction on 12 January 2017. KPC Holdings purchased the

property on 12 January 2017 for $2,650.22. No party filed an upset bid by the

deadline and on 3 February 2017, the foreclosure trustee deeded the land to KPC

Holdings. On 21 March 2017, KPC Holdings conveyed the property to National

Indemnity in consideration for National Indemnity’s promise to pay KPC Holdings

$150,000.00, evidenced by a promissory note and deed of trust naming Jonathan

Hankin as trustee.

 On 18 April 2017, the Georges filed a motion to set aside the foreclosure sale

under Rule 60(c) of the North Carolina Rules of Civil Procedure alleging that “[n]o

type of personal service was effectuated [upon] the Georges.” National Indemnity

moved to intervene on 10 May 2017. On 17 July 2017, the Honorable Nathaniel J.

Poovey heard the Rule 60 motion and subsequently entered an order joining National

Indemnity and KPC Holdings as necessary parties to the proceeding. After a hearing,

on 9 August 2017, Judge Poovey entered an order setting aside the order for

foreclosure, canceling the trustee’s foreclosure deed to KPC Holdings, and canceling

KPC Holdings’ deed to National Indemnity.

 National Indemnity appealed the 9 August 2017 order setting aside the

foreclosure on 1 September 2017. That same day, KPC Holdings appealed both the

17 July 2017 order joining KPC Holdings as a necessary party and the 9 August 2017

order setting aside the foreclosure and canceling the deeds.

 -3-
 IN RE: GEORGE

 Opinion of the Court

 Thereafter, Respondents filed a Joint Motion for Relief under Rule 60(b)(6)

with the trial court, and requested that this Court temporarily remand the case for

the trial court to hear the motion and enter an indicative ruling. This Court granted

Respondent’s Motion to Remand.1 On 15 March 2018, the trial court entered an

Indicative Denial of Joint Motion for Relief under Rule 60(b)(6). Respondents timely

filed notices of appeal from the Indicative Denial.

 Discussion

 Respondents argue on appeal that the trial court erred in: (1) failing to join the

trustee on the deed of trust between KPC Holdings and National Indemnity as a

necessary party to the Rule 60 proceeding; (2) ruling that the foreclosure trustee

failed to give sufficient notice of the non-judicial foreclosure proceeding to Calmore

George; and (3) determining that Respondents were not good faith purchasers for

value.2 We address each argument in turn.

 1 Generally, the filing of an appeal divests the trial court’s jurisdiction over a case; however,
“[t]he trial court retains limited jurisdiction to indicate how it is inclined to rule on a Rule 60(b)
motion.” Hall v. Cohen, 177 N.C. App. 456, 458, 628 S.E.2d 469, 471 (2006). When a party notifies
this Court that a Rule 60(b) motion has been filed in the trial court, “this Court will remand the matter
to the trial court so the trial court may hold an evidentiary hearing and indicate ‘how it [is] inclined
to rule on the motion were the appeal not pending.’ ” Id. (quoting Bell v. Martin, 43 N.C. App. 134,
142, 258 S.E.2d 403, 409 (1979), rev’d on other grounds, 299 N.C. 715, 264 S.E.2d 101 (1980)). If the
trial court indicates it would grant the motion, then the party could ask this Court to remand the case
for a final judgment on the motion. Bell, 43 N.C. App. at 142, 258 S.E.2d at 409. “An indication by
the trial court that it would deny the motion would be considered binding on that court and [the]
appellant could then request appellate court review of the lower court’s action.” Id.
 2 KPC Holdings noticed for appeal the 17 July 2017 order joining it as a necessary party;

however, KPC Holdings presents no argument in its brief concerning this alleged error. Thus, this
argument is abandoned and we will not review it. N.C.R. App. P. 28(a) (“Issues not presented and
discussed in a party’s brief are deemed abandoned.”).

 -4-
 IN RE: GEORGE

 Opinion of the Court

 Rule 60(b) Motions

 Rule 60 of the North Carolina Rules of Civil Procedure allows the trial court to

relieve a party from a final judgment or order for several reasons, including that “[t]he

judgment is void” and “[a]ny other reason justifying relief from the operation of the

judgment.” N.C. Gen. Stat. § 1A-1, Rule 60(b)(4), (6) (2017). “A judgment will not be

deemed void merely for an error in law, fact, or procedure. A judgment is void only

when the issuing court has no jurisdiction over the parties or subject matter in

question or has no authority to render the judgment entered.” Burton v. Blanton, 107

N.C. App. 615, 616, 421 S.E.2d 381, 382 (1992). A trial court cannot set aside a

judgment or order pursuant to Rule 60(b)(6) without showing that: (1) extraordinary

circumstances exist, and (2) justice demands relief. Howell v. Howell, 321 N.C. 87,

91, 361 S.E.2d 585, 588 (1987). Additionally, to obtain relief under Rule 60(b)(6), the

moving party must show that it has a meritorious defense. In re Oxford Plastics v.

Goodson, 74 N.C. App. 256, 258, 328 S.E.2d 7, 9 (1985).

 The determination of whether to grant relief under Rule 60(b)(6) is equitable

in nature and within the trial court’s discretion. Kennedy v. Starr, 62 N.C. App. 182,

186, 302 S.E.2d 497, 499-500, disc. review denied, 309 N.C. 321, 307 S.E.2d 164

(1983). As such, this Court reviews Rule 60(b) motions for an abuse of discretion.

Davis v. Davis, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006). “A trial court abuses

its discretion when its decision is manifestly unsupported by reason or so arbitrary

 -5-
 IN RE: GEORGE

 Opinion of the Court

that it could not have been the result of a reasoned decision.” Ehrenhaus v. Baker,

216 N.C. App. 59, 71, 717 S.E.2d 9, 18 (2011) (quotation marks omitted), appeal

dismissed and disc. review denied, 366 N.C. 420, 735 S.E.2d 332 (2012).

 North Carolina Planned Community Act

 The General Assembly enacted the North Carolina Planned Community Act to

regulate “the creation, alteration, termination, and management of planned

subdivision communities.” Wise v. Harrington Grove Cmty. Ass’n, 357 N.C. 396, 399,

584 S.E.2d 731, 734, reh’g denied, 357 N.C. 582, 588 S.E.2d 891 (2003); see also

generally “An Act to Establish the North Carolina Planned Community Act,” 1998

N.C. Sess. Laws 674, ch. 199 (codified as amended at N.C. Gen. Stat. §§ 47F-1-101 to

-3-122). A “planned community” is “real estate with respect to which any person, by

virtue of that person’s ownership of a lot, is expressly obligated by a declaration to

pay real property taxes, insurance premiums, or other expenses to maintain, improve,

or benefit other lots or other real estate described in the declaration.” N.C. Gen. Stat.

§ 47F-1-103(23) (2017). A planned community’s owners’ association is empowered to,

among other things, “[i]mpose and receive any payments, fees, or charges for the use,

rental, or operation of the common elements . . . and for services provided to lot

owners.” Id. § 47F-3-102(10). Any assessment levied upon a lot owner that is unpaid

for thirty days or more constitutes a lien on the property when a claim of lien is filed

with the clerk of superior court in the county in which the land is situated. Id. § 47F-

 -6-
 IN RE: GEORGE

 Opinion of the Court

3-116(a). The owners’ association “may foreclose a claim of lien in like manner as a

mortgage or deed of trust on real estate under power of sale, as provided in Article

2A of Chapter 45 of the General Statutes, if the assessment remains unpaid for 90

days or more.” Id. § 47F-3-116(f). Thus, a foreclosure of an owners’ association claim

of lien proceeds as a power of sale foreclosure.

I. Failure to Join a Necessary Party

 Respondents argue that the trial court erred by failing to join Jonathan

Hankin, the trustee named on the deed of trust between KPC Holdings and National

Indemnity, as a necessary party to the Rule 60(b) proceedings. We disagree.

 Parties “who are united in interest must be joined as plaintiffs or defendants.”

Id. § 1A-1, Rule 19(a). “A person is ‘united in interest’ with another party when that

person’s presence is necessary in order for the court to determine the claim before it

without prejudicing the rights of a party before it or the rights of others not before

the court.” Ludwig v. Hart, 40 N.C. App. 188, 190, 252 S.E.2d 270, 272, disc. review

denied, 297 N.C. 454, 256 S.E.2d 807 (1979). “A ‘necessary’ party is one whose

presence is required for a complete determination of the claim, and is one whose

interest is such that no decree can be rendered without affecting the party.” In re

Foreclosure of Barbot, 200 N.C. App. 316, 319, 683 S.E.2d 450, 453 (2009). “A

judgment which is determinative of a claim arising in an action to which one who is

‘united in interest’ with one of the parties has not been joined is void.” Ludwig, 40

 -7-
 IN RE: GEORGE

 Opinion of the Court

N.C. App. at 190, 252 S.E.2d at 272. When the absence of a necessary party is brought

to the attention of the trial court, it should not address the merits of the case until

the necessary party is joined to the action, and the trial court should bring in the

necessary party ex mero motu if no other party moves to do so. Booker v. Everhart,

294 N.C. 146, 158, 240 S.E.2d 360, 367 (1978).

 Generally, when a party seeks “to have [a] deed declared null and

void[,] . . . . the court would have to have jurisdiction over the parties necessary to

convey good title.” Brown v. Miller, 63 N.C. App. 694, 699, 306 S.E.2d 502, 505 (1983),

appeal dismissed and disc. review denied, 310 N.C. 476, 312 S.E.2d 882 (1984). A

trustee is one of three parties involved in a deed of trust,

 [wherein] the borrower conveys legal title to real property
 to a third party trustee to hold for the benefit of the lender
 until repayment of the loan . . . . When the loan is repaid,
 the trustee cancels the deed of trust, restoring legal title to
 the borrower, who at all times retains equitable title in the
 property.

Skinner v. Preferred Credit, 361 N.C. 114, 120-21, 638 S.E.2d 203, 209 (2006)

(citations omitted), reh’g denied, 361 N.C. 371, 643 S.E.2d 519 (2007). Accordingly,

in foreclosure proceedings, “[t]rustees are necessary parties . . . because the trustee

is the party tasked with facilitating the [foreclosure] process.” Greene v. Tr. Servs. of

Carolina, LLC, 244 N.C. App. 583, 596, 781 S.E.2d 664, 673, disc. review denied, 368

N.C. 911, 786 S.E.2d 268 (2016).

 -8-
 IN RE: GEORGE

 Opinion of the Court

 The trustee on a deed of trust is not, however, inevitably a necessary party to

all litigation involving property for which the trustee holds the deed of trust. In 2011,

the General Assembly enacted a statute titled, “An Act to Modernize and Enact

Certain Provisions Regarding Deeds of Trust . . . Eliminating Trustee of Deed of

Trust as Necessary Party for Certain Transactions and Litigation . . . .” 2011 N.C.

Sess. Laws 1212, 1231-32, ch. 312, § 15 (codified as amended at N.C. Gen. Stat. § 45-

45.3). This Act provides that

 [e]xcept in matters relating to the foreclosure of the deed of
 trust or the exercise of a power of sale under the terms of
 the deed of trust, the trustee is neither a necessary nor a
 proper party to any civil action or proceeding involving (i)
 title to the real property encumbered by the lien of the deed
 of trust or (ii) the priority of the lien of the deed of trust.

N.C. Gen. Stat. § 45-45.3(c) (2017) (emphasis added). Proceedings in which the

trustee on the deed of trust is not a necessary party include “[t]he foreclosure of a lien

other than the lien of the deed of trust, regardless of whether the lien is superior or

subordinate to the lien of the deed of trust, including, but not limited to, the

foreclosure of mortgages, other deeds of trust, tax liens, and assessment liens.” Id. §

45-45.3(c)(6) (emphasis added).

 Here, Jonathan Hankin is named as trustee on the deed of trust between KPC

Holdings and National Indemnity. The proceedings in this case did not endeavor to

foreclose upon the deed of trust for which Hankin is trustee, but rather concerned the

foreclosure of the homeowners’ association’s claim of lien on the property—“a lien

 -9-
 IN RE: GEORGE

 Opinion of the Court

other than the lien of the deed of trust.” Id. Thus, Hankin was not a necessary party

to either Rule 60 proceeding. Accordingly, the trial court did not err in declining to

join Hankin as a necessary party.

II. Notice of Foreclosure

 Respondents next argue that the trial court erred by ruling that the foreclosure

trustee failed to give proper notice of the non-judicial foreclosure proceeding to

Calmore George. This argument lacks merit.

 To foreclose upon a claim of lien, a homeowners’ association must do so “in like

manner as a mortgage or deed of trust on real estate under power of sale, as provided

in Article 2A of Chapter 45 of the General Statutes.” N.C. Gen. Stat. § 47F-3-116(f)

(2017). Chapter 45 of the General Statutes provides that

 [a]fter the notice of hearing is filed, the notice of hearing
 shall be served upon each party entitled to notice under this
 section. . . . The notice shall be served and proof of service
 shall be made in any manner provided by the Rules of Civil
 Procedure for service of summons, including service by
 registered mail or certified mail, return receipt requested.

Id. § 45-21.16(a) (emphases added). The notice must be provided to “[e]very record

owner of the real estate whose interest is of record in the county where the real

property is located at the time the notice of hearing is filed in that county.” Id. § 45-

21.16(b)(3). “The purpose and aim of the service of the summons are to give notice to

the party against whom the proceeding or action is commenced, and any notification

which reasonably accomplishes that purpose answers the claims of law and justice.”

 - 10 -
 IN RE: GEORGE

 Opinion of the Court

Jester v. Steam Packet Co., 131 N.C. 54, 55, 42 S.E. 447, 447 (1902). “It is well

established that a court may obtain personal jurisdiction over a defendant only by

the issuance of summons and service of process by one of the statutorily specified

methods.” Glover v. Farmer, 127 N.C. App. 488, 490, 490 S.E.2d 576, 577 (1997), disc.

review denied, 347 N.C. 575, 502 S.E.2d 590 (1998). “Absent valid service of process,

a court does not acquire personal jurisdiction over the defendant and the action must

be dismissed.” Id.

 Rule 4 of our Rules of Civil Procedure provides the acceptable methods of

service of process required in order to properly exercise personal jurisdiction upon a

natural person in this State. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1) (2017). Relevant to

this case, a party may accomplish service upon a natural person not under disability

in one of the following ways:

 a. By delivering a copy of the summons and of the
 complaint to the natural person or by leaving copies thereof
 at the defendant’s dwelling house or usual place of abode
 with some person of suitable age and discretion then
 residing therein.

 ....

 c. By mailing a copy of the summons and of the complaint,
 registered or certified mail, return receipt requested,
 addressed to the party to be served, and delivering to the
 addressee.

Id. § 1A-1, Rule 4(j)(1)(a), (c).

 - 11 -
 IN RE: GEORGE

 Opinion of the Court

 Service by personal delivery is accomplished by either: (1) delivering the

complaint and summons to “the natural person” named therein, or (2) leaving a copy

of those documents “at the defendant’s dwelling house or usual place of abode” with

someone “of suitable age and discretion” who resides at the residence. Id. § 1A-1,

Rule 4(j)(1)(a). “[N]o hard-and-fast definition can be laid down” for what constitutes

an individual’s dwelling house or usual place of abode, but it “is a question to be

determined on the facts of the particular case.” Van Buren v. Glasco, 27 N.C. App. 1,

5, 217 S.E.2d 579, 582 (1975), overruled on other grounds by Love v. Moore, 305 N.C.

575, 291 S.E.2d 141 (1982). “[I]t is unrealistic to interpret Rule 4[ ] so that the person

to be served only has one dwelling house or usual place of abode at which process may

be left.” Id. at 6, 217 S.E.2d at 582.

 When attempting to effectuate service by certified mail, return receipt

requested, “the serving party shall file an affidavit with the court showing proof of

such service in accordance with the requirements of G.S. 1-75.10(a)(4).” N.C. Gen.

Stat. § 1A-1, Rule 4(j2)(2) (2017). The affidavit must aver:

 a. That a copy of the summons and complaint was
 deposited in the post office for mailing by registered or
 certified mail, return receipt requested;

 b. That it was in fact received as evidenced by the attached
 registry receipt or other evidence satisfactory to the court
 of delivery to the addressee; and

 c. That the genuine receipt or other evidence of delivery is
 attached.

 - 12 -
 IN RE: GEORGE

 Opinion of the Court

Id. § 1-75.10(a)(4). The requirement that an affidavit contain information showing

the circumstances warranting the use of service by registered mail under Rule 4(j2)(2)

in order to constitute proof of service is mandatory. See Dawkins v. Dawkins, 32 N.C.

App. 497, 499, 232 S.E.2d 456, 457 (1977) (applying a former version of Rule 4).

“[F]ailure to serve process in the manner prescribed by statute makes the service

invalid, even though a defendant has actual notice of the lawsuit.” Hunter v. Hunter,

69 N.C. App. 659, 662, 317 S.E.2d 910, 911 (1984).

 Here, while the Georges owned the Mecklenburg County property at issue,

they did not reside there; they lived in the Virgin Islands. The Georges’ three

daughters lived at the Mecklenburg County residence in order to attend college.

Hygiena Jennifer George testified that she visited the Mecklenburg County property

when she was on vacation. Calmore George testified that he usually visited the

Mecklenburg County property once per year around the Christmas holiday or once

every few years if there was a significant maintenance issue that required his

presence. Whenever the Georges did visit the Mecklenburg County property, they

“stay[ed] in the study area with [an] inflatable bed.”

 Deputy Shakita Barnes of the Mecklenburg County Sheriff’s Office attempted

personal service of the notice of foreclosure upon the Georges. According to the

Foreclosure Notice of Return, Deputy Barnes personally served Hygiena Jennifer

George and served Calmore George by leaving copies of the notice with his wife

 - 13 -
 IN RE: GEORGE

 Opinion of the Court

Jennifer, “who is a person of suitable age and discretion and who resides in the

respondent’s dwelling house or usual place of abode.” However, Deputy Barnes

actually served one of the Georges’ daughters, Janine, a younger female who “said

that she was . . . Ms. Jennifer George.”

 In voiding the foreclosure sale of the property, the trial court found that the

property was “not the dwelling or usual place of abode for Calmore George” and that

“proper service upon Calmore George did not occur and the court did not have

personal jurisdiction to enter an order adverse to him.” The trial court further

determined “that no findings are necessary regarding the determination of whether

[the Mecklenburg County property] is the dwelling or usual place of abode for

[Hygiena] Jennifer George.” As a result, the trial court set aside the foreclosure of

the Georges’ property, canceled the foreclosure deed to KPC Holdings, and canceled

the subsequent conveyance of the property from KPC Holdings to National

Indemnity.

 The trial court correctly determined that the foreclosure trustee failed to serve

all record owners of the property as required by N.C. Gen. Stat. § 45-21.16. The

attempted service of the notice of foreclosure upon Calmore George by leaving a copy

at the Mecklenburg County property was inadequate because the property was not

his dwelling house or usual place of abode.

 - 14 -
 IN RE: GEORGE

 Opinion of the Court

 A place of residence to which the owners only return once or twice each year

over the holidays or for maintenance issues does not qualify as a dwelling house or

usual place of abode for purposes of Rule 4 service. In Van Buren, service was

accomplished by delivering copies of the summons to the appellant’s fifteen-year-old

son. 27 N.C. App. at 5, 217 S.E.2d at 582. The appellant owned the home with his

wife as tenants by the entirety, and his wife and children resided there. Id. Although

the appellant spent most of his time working in South Carolina, he “regularly

returned [to the home] on a frequently recurring basis.” Id. The appellant stated in

an affidavit that he would normally be present at the home “at least twice during any

30-day period.” Id. This Court held that the appellant’s “relationship and connection

with the North Carolina dwelling were such that there was a reasonable probability

that substitute service of process at that dwelling would, as it in fact here did, inform

him of the proceedings against him.” Id. at 6, 217 S.E.2d at 582.

 By contrast, in this case, the Georges were present at the property far less than

“twice during any 30-day period.” Id. at 5, 217 S.E.2d at 582. The evidence presented

to the trial court demonstrated that, at most, the Georges were present on the

property a few times each year, mostly around the holiday season, as well as when

maintenance issues arose requiring Calmore George’s attention. Such an infrequent

and temporary presence is not enough to qualify the residence as the dwelling house

or place of abode for Calmore George, rendering the attempted substitute service

 - 15 -
 IN RE: GEORGE

 Opinion of the Court

improper. Accordingly, the trial court correctly determined that the foreclosure sale

was void due to lack of personal jurisdiction over Calmore George.

III. Purchaser in Good Faith

 Respondents next argue that the trial court erred in determining that neither

KPC Holdings nor National Indemnity were good faith purchasers for value, and by

thereafter voiding KPC Holdings’ title to the property as well as its subsequent deed

to National Indemnity. We agree.

 Our General Statutes provide that title to property sold under a judgment to a

good faith purchaser for value cannot be set aside:

 If a judgment is set aside pursuant to Rule 60(b) or (c) of
 the Rules of Civil Procedure and the judgment or any part
 thereof has been collected or otherwise enforced, such
 restitution may be compelled as the court directs. Title to
 property sold under such judgment to a purchaser in good
 faith is not thereby affected.

N.C. Gen. Stat. § 1-108 (2017). “A person is an innocent purchaser when he purchases

without notice, actual or constructive, of any infirmity, and pays valuable

consideration and acts in good faith.” Morehead v. Harris, 262 N.C. 330, 338, 137

S.E.2d 174, 182 (1964). A buyer purchases without notice of defects when “(a) he has

no actual knowledge of the defects; (b) he is not on reasonable notice from recorded

instruments; and (c) the defects are not such that a person attending the sale

exercising reasonable care would have been aware of the defect.” Swindell v. Overton,

310 N.C. 707, 714-15, 314 S.E.2d 512, 517 (1984).

 - 16 -
 IN RE: GEORGE

 Opinion of the Court

 Absent actual notice of any defect, a purchaser may rely on the record’s facial

validity in determining that title to the land in question is devoid of defects. See

Goodson v. Goodson, 145 N.C. App. 356, 363, 551 S.E.2d 200, 206 (2001) (“[T]he

deficiencies in the conveyance must be expressly or by reference set out in the

muniments of record title, or brought to the notice of the purchaser so as to put him

on inquiry.” (citing Morehead, 262 N.C. at 340-41, 137 S.E.2d at 184)). There is a

presumption of effective service “[w]hen the return shows legal service by an

authorized officer, nothing else appearing.” Harrington v. Rice, 245 N.C. 640, 642, 97

S.E.2d 239, 241 (1957). “Allegations of inadequacy of the purchase price realized at

a foreclosure sale which has in all other respects been duly and properly conducted

in strict conformity with the power of sale will not be sufficient to upset a sale.”

Swindell, 310 N.C. at 713, 314 S.E.2d at 516.

 An individual purchases something when they acquire an “interest in real or

personal property by sale, discount, negotiation, mortgage, pledge, lien, issue,

reissue, gift, or any other voluntary transaction.” Purchase, Black’s Law Dictionary

(10th ed. 2014). Consideration is “[s]omething such as an act, a forbearance, or a

return promise bargained for and received by a promisor from a promisee.”

Consideration, Black’s Law Dictionary (10th ed. 2014) (parentheses omitted). “What

constitutes valuable consideration depends upon the context of a particular case.”

Estate of Graham v. Morrison, 168 N.C. App. 63, 68, 607 S.E.2d 295, 299 (2005). A

 - 17 -
 IN RE: GEORGE

 Opinion of the Court

deed of trust is a conveyance for valuable consideration. Edwards v. Bank, 39 N.C.

App. 261, 271, 250 S.E.2d 651, 659 (1979). A purchaser acts in good faith when

possessing “[a] state of mind consisting in (1) honesty in belief or purpose, (2)

faithfulness to one’s duty or obligation, (3) observance of reasonable commercial

standards of fair dealing in a given trade or business, or (4) absence of intent to

defraud or to seek unconscionable advantage.” Good Faith, Black’s Law Dictionary

(10th ed. 2014).

 A bedrock principle of both our federal and state constitutions is that a person’s

property cannot be taken without due process of law. U.S. Const. amends. V, XIV;

N.C. Const. art. I, § 19. “The fundamental premise of procedural due process

protection is notice and the opportunity to be heard.” Peace v. Employment Sec.

Comm’n, 349 N.C. 315, 322, 507 S.E.2d 272, 278 (1998) (citing Cleveland Bd. of Educ.

v. Loudermill, 470 U.S. 532, 542, 84 L. Ed. 2d 494, 503 (1985)). N.C. Gen. Stat. § 1-

108, which provides that title to property sold under a judgment to a good faith

purchaser for value cannot be set aside, “may be unconstitutional as applied if the

property owner being divested of her property has not received notice which is at least

constitutionally sufficient.” In re Ackah, ___ N.C. App. ___, ___, 804 S.E.2d 794, 797

(2017), aff’d per curiam, 370 N.C. 594, 811 S.E.2d 143 (2018). Notice is

“constitutionally sufficient if it was reasonably calculated to reach the intended

recipient when sent.” Id. at ___, 804 S.E.2d at 797 (quoting Jones v. Flowers, 547

 - 18 -
 IN RE: GEORGE

 Opinion of the Court

U.S. 220, 226, 164 L. Ed. 2d 415, 426 (2006)). This Court in Ackah, citing Jones,

stated that “constitutional due process does not require that the property owner

receive actual notice,” id. at ___, 804 S.E.2d at 797 (quotation marks omitted), and

“where notice sent by certified mail is returned ‘unclaimed,’ due process requires only

that the sender must take some reasonable follow-up measure to provide other notice

where it is practicable to do so.” Id. at ___, 804 S.E.2d at 797.

 In the instant case, the trial court concluded in its Indicative Denial of Joint

Motion for Relief Under Rule 60(b)(6) that “[n]either KPC Holdings nor National

Indemnity Group qualifies under N.C. Gen. Stat. § 1-108 as a purchaser in good

faith.” The trial court found that “[t]he respective principals of [Respondents] are

colleagues that have known each other for several years and have had transactions

in the past.” The trial court also made findings regarding, inter alia, KPC Holdings’

$2,650.22 purchase of the property at the non-judicial foreclosure sale; the

$150,000.00 promissory note, secured by a deed of trust, between KPC Holdings and

National Indemnity; and National Indemnity’s intention to refurbish and eventually

sell the property for $240,000.00. At the hearing to set aside the foreclosure, the trial

court stated that the credibility of Laura Schoening, principal of National Indemnity,

was negatively affected by her inability to remember the details concerning the deed

of trust or whether Respondents had done business in the past.

 - 19 -
 IN RE: GEORGE

 Opinion of the Court

 Nonetheless, KPC Holdings was a good faith purchaser for value at the

foreclosure sale. No record evidence exists that either KPC Holdings or National

Indemnity had actual knowledge or constructive notice of the improper service of the

foreclosure notice. No infirmities or irregularities existed in the foreclosure record

that would reasonably put KPC Holdings or any other prospective purchaser on notice

that service was improper. The sheriff’s return of service indicated that personal

service was made upon Hygiena Jennifer George and that substitute service was

accomplished for Calmore George by leaving copies with Hygiena Jennifer George.

KPC Holdings was entitled to rely upon that record in purchasing the property at the

foreclosure sale. Further, as our Supreme Court has held, the low price of the

foreclosure sale alone, absent actual or constructive notice of any infirmities, is not

sufficient grounds to set aside a purchase by an otherwise good faith purchaser.

Swindell, 310 N.C. at 713, 314 S.E.2d at 516. It is also clear that KPC Holdings paid

value for the property. Accordingly, the trial court’s findings of fact do not support

the conclusion that KPC Holdings was not a good faith purchaser. In that KPC

Holdings was a good faith purchaser for value, we need not consider whether National

Indemnity was as well.

 Our dissenting colleague on this issue contends that Respondents are not good

faith purchasers within the meaning of N.C. Gen. Stat. § 1-108. Our colleague argues

that the inadequate sale price at the foreclosure coupled with the failure to obtain

 - 20 -
 IN RE: GEORGE

 Opinion of the Court

proper service upon the Georges prevents Respondents from retaining title to the land

as good faith purchasers. Dissent at 2 (“[G]ross inadequacy of consideration, when

coupled with any other inequitable element, even though neither, standing alone,

may be sufficient for the purpose, will induce a court of equity to interpose and do

justice between the parties.” (quoting Foust v. Gate City Sav. & Loan Ass’n, 233 N.C.

35, 37, 62 S.E.2d 521, 523 (1950))). However, Swindell instructs that

 Foust stands for the proposition that it is the materiality of
 the irregularity in such a sale, not mere inadequacy of the
 purchase price, which is determinative of a decision in
 equity to set the sale aside. Where an irregularity is first
 alleged, gross inadequacy of purchase price may then be
 considered on the question of the materiality of the
 irregularity.

Swindell, 310 N.C. at 713, 314 S.E.2d at 516 (emphasis added). We think the failure

to effectuate service is not a material irregularity where, as here, the Georges have

experienced at least two previous foreclosures on this same Mecklenburg County

property, and are familiar with the procedure. Accordingly, we do not agree with our

dissenting colleague that the equities weigh in the Georges’ favor.

 While Calmore George did not receive proper Rule 4 notice of the foreclosure

sale of the property, as explained above, the Georges did receive constitutionally

sufficient notice. Thus, pursuant to N.C. Gen. Stat. § 1-108, the deed to the property

sold under the foreclosure judgment to KPC Holdings, a purchaser in good faith,

should not have been canceled by the trial court. After a manner of service fails, some

follow-up measure reasonably calculated to reach the intended recipient suffices as

 - 21 -
 IN RE: GEORGE

 Opinion of the Court

constitutionally sufficient service. Ackah, ___ N.C. App. at ___, 804 S.E.2d at 797. In

Ackah, the homeowners’ association attempted service by certified mail, but the

notice letter came back unclaimed. Id. at ___, 804 S.E.2d at 796. The homeowners’

association then posted notice of the hearing on the front door of the property. Id. at

___, 804 S.E.2d at 796. This Court held that the further measure of posting notice on

the front door was constitutionally sufficient. Id. at ___, 804 S.E.2d at 797. We noted

that the homeowners’ association did even more than post notice—they also sent

several letters by regular mail. Id. at ___, 804 S.E.2d at 797.

 Here, the trustee for the homeowners’ association attempted to inform the

Georges of the foreclosure sale by: (1) attempted personal service on Hygiena Jennifer

George; (2) attempted personal service on Calmore George; (3) attempted certified

mail to the Georges at the Mecklenburg County property address; (4) attempted

certified mail to the Georges at the Virgin Islands address; (5) regular mail to the

Georges at the Mecklenburg County property address; (6) regular mail to the Georges

at the Virgin Islands address; and (7) an email exchange between “Jennifer George”

and the foreclosure trustee on 17 January 2017, before the upset-bid period expired,

in which Jennifer George requested the reinstatement quote.3 These attempts are

more than enough to establish constitutionally sufficient notice under Ackah and

Jones.

 3
 It is unclear whether this “Jennifer George” was Hygiena Jennifer George or one of the
Georges’ daughters.

 - 22 -
 IN RE: GEORGE

 Opinion of the Court

 Accordingly, because KPC Holdings was a good faith purchaser for value and

because the Georges received constitutionally sufficient notice of the foreclosure sale,

the trial court abused its discretion in voiding the order of foreclosure and in canceling

both the deed to KPC Holdings and its subsequent deed to National Indemnity. While

a harsh result for the Georges, they are not without a remedy. N.C. Gen. Stat. § 1-

108 permits the Georges to seek restitution. Id. at ___, 804 S.E.2d at 797.

 In any event, our General Assembly has made the policy decision to favor the

good faith purchaser at a foreclosure over the debtor where there is a deficiency in

the procedure. As this Court has explained,

 it is our duty to follow the policy decision made by our
 General Assembly, as set forth in N.C. Gen. Stat. § 1-108,
 which would favor the interests of [KPC Holdings], as a
 good faith purchaser at a judicial sale, ahead of the
 interests of [the Georges] in the Property. We note that the
 General Assembly’s policy decision favoring [KPC
 Holdings] is rational because it encourages higher bids at
 judicial sales . . . .

Id. at ___, 804 S.E.2d at 798. “This Court is an error-correcting body, not a policy-

making or law-making one. We lack the authority to change the law on the ground

that it might make good policy sense to do so.” Fagundes v. Ammons Dev. Grp., ___

N.C. App. ___, ___, 796 S.E.2d 529, 533 (citation and quotation marks omitted), disc.

review denied, 370 N.C. 66, 803 S.E.2d 626 (2017).

 In addition to encouraging higher bids at foreclosure sales, our Supreme Court

has long recognized that this policy fosters reliance on the integrity of record title to

 - 23 -
 IN RE: GEORGE

 Opinion of the Court

property and judicial proceedings concerning property. See, e.g., Sutton v.

Schonwald, 86 N.C. 198, 202-04 (1882); see also Bolton v. Harrison, 250 N.C. 290,

298, 108 S.E.2d 666, 671 (1959) (“Necessarily, purchasers of property, especially land,

must have faith in and place reliance on the validity of judicial proceedings.”).

 Conclusion

 KPC Holdings abandoned its appeal of the 17 July 2017 order joining it as a

necessary party; thus, that appeal is dismissed. Jonathan Hankin, trustee on the

deed of trust between KPC Holdings and National Indemnity, was not a necessary

party to either Rule 60 proceeding. The trial court correctly determined that Calmore

George was not properly served with notice of the foreclosure sale and that the clerk

of court therefore lacked personal jurisdiction to enter a foreclosure against him.

However, KPC Holdings was a good faith purchaser for value, and the Georges

received constitutionally sufficient notice of the foreclosure sale.

 Accordingly, we affirm the portion of the 9 August 2017 order voiding the

foreclosure. The portion of that order canceling and setting aside the trustee’s

foreclosure deed to KPC Holdings, canceling and setting aside the deed between KPC

Holdings and National Indemnity, and canceling and voiding the deed of trust

between KPC Holdings and National Indemnity is reversed and remanded. On

remand, the trial court may enter an order not inconsistent with this opinion, which

may include, for example, relief to the Georges in the form of restitution, as

 - 24 -
 IN RE: GEORGE

 Opinion of the Court

authorized by N.C. Gen. Stat. § 1-108. Ackah, ___ N.C. App. at ___, 804 S.E.2d at

800.

 DISMISSED IN PART; AFFIRMED IN PART; REVERSED IN PART AND

REMANDED.

 Judge DILLON concurs by separate opinion.

 Judge BRYANT concurs in part and dissents in part by separate opinion.

 - 25 -
 No. COA18-611 – IN RE: GEORGE

 DILLON, Judge, concurring.

 The facts of this case produce a harsh result. The Georges have lost much

wealth due to the low purchase price paid at the foreclosure sale of their property.

However, we are compelled to follow the law. And the law does not require that the

party who purchased their property at the foreclosure sale to have paid a “valuable

consideration,” as that term is understood in cases cited by the dissent, to be entitled

to protection.

 Our General Assembly protects the title of anyone who purchases property at

a judicial sale so long as the purchaser is “a purchaser in good faith[.]” N.C. Gen.

Stat. § 1-108 (2017). There is nothing in Section 1-108 which requires that the

consideration that was paid be substantial, unlike in other contexts. Indeed, the

language in Section 1-108 is a little different than other statutes which provide

protection to purchasers of real estate. For instance, under the Connor Act, any

“purchaser[] for a valuable consideration” who records first is protected against any

prior, unrecorded conveyance. N.C. Gen. Stat. § 47-18 (2017) (emphasis added).

Accordingly, under the Connor Act, a purchaser is not protected unless (s)he has paid

a “valuable consideration.” Id. Our Supreme Court has held that a purchaser must

have paid “substantial consideration” in order to fall within the protections of the

Connor Act. See, e.g., King v. McRackan, 168 N.C. 621, 624, 84 S.E. 1027, 1029 (1915)

(“The party assuming to be a purchaser for valuable consideration must prove a fair
 IN RE: GEORGE

 DILLON, J., concurring

consideration, not up to the full price, but a price paid which would not cause surprise

or make any one exclaim, ‘He got the land for nothing! There must have been some

fraud or contrivance about it.’ ”).

 But Section 1-108 does not require that the purchaser at a judicial sale have

paid “a valuable consideration” in order to be protected, so long as purchaser believed

in good faith that the sale was properly conducted. Indeed, as long as the purchaser

at a judicial sale believed in good faith that the sale was proper, the “inadequacy of

the purchase price realized [from the sale] . . . will not be sufficient to upset a sale.”

Swindell v. Overton, 310 N.C. 707, 713, 314 S.E.2d 512, 516 (1984). Therefore, any

cases cited by the dissent which concern the application of the Connor Act or similar

laws are not relevant here.

 In the present case, KPC Holdings purchased the Georges’ property at the

foreclosure sale. Though the consideration it paid would probably not be adequate

enough to qualify them for protection under the Connor Act against a prior,

unrecorded conveyance, the amount it paid is not relevant to determine whether it is

entitled to protection under Section 1-108. There is nothing in the record to indicate

that KPC Holdings was not a purchaser in good faith. There is nothing in the record

to indicate that the sale was not duly advertised, etc., or that KPC Holdings thwarted

the ability of anyone else from bidding at the judicial sale. KPC Holdings was simply

the high bidder. KPC Holdings then sold the property to the current owner, National

 2
 IN RE: GEORGE

 DILLON, J., concurring

Indemnity, who seeks protection based on its title from KPC Holdings. There is some

allegation that KPC Holdings and National Indemnity may have been self-dealing.

However, the nature of the relationship between KPC Holdings and National

Indemnity or the consideration paid by National Indemnity to KPC Holdings is

irrelevant in this case. The only relevant issue is whether KPC Holdings was a good

faith purchaser and, therefore, possessed good title. If it was and it did, then the

nature of KPC Holdings’ relationship with National Indemnity is irrelevant.

 This result is, indeed, a harsh one. “Be that as it may, we must remember that

hard cases are the quicksands of the law and [we must] confine ourselves to our

appointed task of declaring the legal rights of the parties.” Fulghum v. Selma, 238

N.C. 100, 103, 76 S.E.2d 368, 370 (1953). I, therefore, concur in the majority opinion.

 3
 No. COA18-611– In re: George

 BRYANT, Judge, concurring in part, dissenting in part.

 While I agree with the majority’s holding that the trustee with legal title was

not a necessary party and the Georges were not properly served with notice of the

foreclosure sale, I disagree with the majority’s holding that Respondents KPC

Holdings and National Indemnity qualify as purchasers in good faith within the

meaning of N.C. Gen. Stat. § 1-108. Section 1-108 allows restitution as a remedy, as

opposed to setting aside a deed, only if a purchaser satisfies the burden of proving

good faith purchaser status. The premise behind the good faith purchaser doctrine is

to protect “an innocent purchaser when he purchases without notice, actual or

constructive, of any infirmity, and pays valuable consideration and acts in good faith.”

Morehead v. Harris, 262 N.C. 330, 338, 137 S.E.2d. 174, 182 (1964) (emphasis added).

“As to this, the true rule is that a bona fide purchaser for value without notice of

outstanding equities takes title absolute” and, therefore, is subject to the greatest

protection against adverse claims of title. Perkins v. Langdon, 237 N.C. 159, 165, 74

S.E.2d 634, 640 (1953). Courts must carefully examine conveyances when applying

good faith purchaser status to a purchaser of title. Because I do not believe the record

establishes Respondents as innocent purchasers acting in good faith, I do not believe

Respondents are entitled to the protections of a purchaser in good faith. Accordingly,

I respectfully dissent.
 IN RE: GEORGE

 Bryant, J., concurring in part, dissenting in part

 The uncontroverted evidence before the trial court reflected that, at the time

of the foreclosure sale, KPC Holdings was made aware of the property value at

approximately $150,000, no pending mortgage, and the outstanding debt of $204.75

in homeowners’ dues. As the majority details, KPC Holdings purchased the property

for $2,650.22, an amount that is grossly disproportionate to the value of the property.

Such actions call into question “notice” and “acting in good faith” which are necessary

to justify the applicability of a purchaser in good faith under N.C.G.S. § 1-108.

 The protection accorded to a purchaser in good faith will not be given to a

purchaser for a grossly inadequate consideration. He must have paid a fair

consideration, though not necessarily the full value. See Worthy v. Caddell, 76 N.C.

82, __ S.E.2d __ (1877). Our Supreme Court has recognized that “when the purchase

price is so grossly inadequate [it is] to be prima facie evidence of fraud.” Thompson

v. Watkins, 285 N.C. 616, 626, 207 S.E.2d 740, 747 (1974). In Foust v. Gate City Sav.

& Loan Ass’n, where the North Carolina Supreme Court addressed a property valued

around $5,500 but was actually sold for $825 at a foreclosure sale, the Court stated

that “gross inadequacy of consideration, when coupled with any other inequitable

element, even though neither, standing alone, may be sufficient for the purpose, will

induce a court of equity to interpose and do justice between the parties.” Foust v.

Gate City Sav. & Loan Ass’n, 233 N.C. 35, 37, 62 S.E.2d 521, 523 (1950). The

inequitable element in this case is the foreclosure trustee’s failure to effectuate

 2
 IN RE: GEORGE

 Bryant, J., concurring in part, dissenting in part

service for all record owners of the property––the Georges––as required by N.C. Gen.

Stat. § 45-21.16. This inequity is material based on the circumstances, and as such,

in the interest of justice, this Court must look at the adequacy of the consideration.

Moreover, the burden rests on Respondents to further establish that they are

purchasers in good faith, which I believe was not done.

 KPC Holdings took the property with notice––actual and constructive––of the

estimated value of the property and outstanding debt: both appeared on the face of

the record. While KPC Holdings may not have possessed actual knowledge of the

defective service to the Georges, there was a public record of the HOA’s Claim of Lien

and KPC Holdings was on reasonable notice that there were no other liens when it

placed a bid of $2,650.22 notwithstanding the property value.4 This conveyance

refutes the legitimacy of the sale where it creates a strong inference of an inequitable

element and a reasonable person would find the purchase price appears shockingly

unfair. Also, it challenges the notion that Respondents acted in good faith when there

was questionable evidence of wrongdoing––Respondents were colleagues, dealt with

each other in the past, and both made a substantial profit with their respective

conveyances of the property. Worthy, 76 N.C. at 86, __ S.E.2d at __ (“[T]he party

assuming to be a purchaser for valuable consideration, must prove a fair

consideration, not up to the full value, but a price paid which would not cause

 4 The Georges owned the property free and clear of any mortgage or other liens.

 3
 IN RE: GEORGE

 Bryant, J., concurring in part, dissenting in part

surprise, or make any one exclaim, ‘he got the land for nothing, there must have been

some fraud or contrivance about it.’ ”).

 As I believe KPC Holdings is unable to establish good faith purchaser status,

National Indemnity, as the subsequent purchaser, cannot attain such status from

KPC Holdings: KPC Holdings cannot convey what it does not have.

 Given the insufficiency of notice of the foreclosure sale combined with the gross

inadequacy of the ultimate sales price, I would affirm the trial court’s ruling that

Respondents were not purchasers in good faith and thus it was proper to void the sale

and cancel the deed.

 4